```
 1  David N. Chandler, Sr.   SBN 60780
    David N. Chandler, Jr.   SBN 235427
 2  DAVID N. CHANDLER, p.c.
    1747 Fourth Street
 3  Santa Rosa, CA  95404
    Telephone: (707) 528-4331
 4
    Attorneys for Debtors
 5
 6
 7
 8                UNITED STATES BANKRUPTCY COURT
 9                NORTHERN DISTRICT OF CALIFORNIA
10
11  IN RE:                          CASE No. 17-10828 WJL

12  FLOYD E. SQUIRES, III and       CHAPTER 11
    BETTY J. SQUIRES,
13                                  DECLARATION OF FLOYD SQUIRES
         Debtors.           /       IN SUPPORT OF MOTION FOR ORDER
14                                  AUTHORIZING USE OF CASH
                                    COLLATERAL
15                                  Date:    December 8, 2017
                                    Time:    10:00 a.m.
16                                  Place:   U.S. Courthouse
                                             3140 Boeing Avenue
17                                           McKinleyville, CA

18       I, Floyd Squires, declare and say:
19       1.   That if called as a witness, I am competent to testify to
20  the forgoing matters from my own knowledge.
21       2.   The parcels of real property are property set forth in
22  Exhibit A hereto are property of the within estate.
23       3.   Said properties have fair market values as set forth in
24  column 2 of Exhibit A and are encumbered as set forth in column 3 of
25  Exhibit A hereto.  The City of Eureka and State of California
26  commenced a retaliatory civil case against the Debtors in the
27  Superior Court, County of Humboldt, Case No. DR110040.  The Superior
28
```

Court named a provisional receiver (Mark Adams) of the properties described in Exhibit A on March 10, 2011. Adams was authorized to investigate alleged violations at the properties and to submit a report to the court within 30 days of appointment. Defendants filed a Notice of Appeal and posted bond on March 21, 2011 which stayed the order appointing receiver until the appeal was dismissed on February 7, 2012. A second order appointing receiver as to six properties was entered on October 24, 2011 and was stayed by bonded appeal on October 27, 2011. Following trial on the Complaint which commenced October 9, 2011, the Court directed appointment of a receiver with the directive only to attend inspections of the properties and submit a report. After nominations for receiver were considered, Mark Adams and California Receivership Group were not appointed receiver. Jeff Smith was appointed receiver by the Superior Court.

4. The subject properties are purported to be encumbered by a Deed of Trust, Exhibit C hereto, which was recorded January 23, 2014 and executed by Mark Adams, Receiver. Said Deed of Trust purports to secure the sum of $15,317 as provided in a promissory note. A true and correct copy of the recorded Deed of Trust is attached hereto as Exhibit C. I did not authorize the execution of the said Deed of Trust and find no authority of the Court given to Mr. Adams to execute said Deed of Trust on behalf of the receivership. At no time, did I provide to Mr. Adams a Note in the amount of $15,317.00 or any other amount.

5. Mr. Adams the California Receivership Group was not the health and safety receiver on January 21, 2014 when Exhibit C was executed. There is not an order appointing Mr. Adams or the

California Receivership Group as anything other than a provisional receiver until the Order was stayed, but the Court allowed the sum of $15,317 as fees based upon some preliminary work contended to have been performed. At no time did the Court authorize Mr. Adams or the California Receivership Group to encumber the properties.

6. I am informed and believe that California Receivership Group by Mr. Adams assigned rights to the ordered compensation to Gerald Feldman who, in turn, assigned a one half interest to Bunia Enterprises, Inc. I have not been able to locate an assignment of the Deed of Trust, Exhibit C.

7. Following unsuccessful litigation based upon conduct of Mr. Adams brought jointly by me and by four tenants of the subject properties, Mr. Adams's company, California Receivership Group, LLC was awarded fees and costs which is documented in a judgment entered in the approximate amount of $150,000 against me only. The judgment amount has been added to the purportedly assigned compensation amount and the purported beneficiaries of the Deed of Trust sought to foreclose on the 26 properties based upon the Deed of Trust, Exhibit C alleging $277,000 as the secured indebtedness.

8. The 26 properties described in the Deed of Trust, Exhibit C, have an aggregate fair market value of $15,840,000. The total secured debt encumbering the said 26 properties which are recorded prior in time to Exhibit C total $1,271,450.17. Mr. Adams contends Exhibit C is senior to all recorded Deeds of Trust encumbering the 26 properties as a *Super Priority Deed of Trust*, however, there is no order of subordination and no recorded subordination to the Deed of Trust, Exhibit C, of any previously recorded lien of record. Rents from the 26 properties are set forth in Exhibit E.

9.   California Receivership Group, Gerald Feldman and Bunia Enterprises, Inc., if secured by a Deed of Trust are adequately protected by the equity in the subject 26 parcels of real property. Absent use of the rents to pay the senior secured indebtedness, operation of the properties as rental properties, insurance and secured taxes, the secured debt will rapidly increase with post petition defaults and vacancies by tenants which are not provided the requisite services.  Further, the Superior Court has directed that certain health and safety standards be maintained.  Absent the use of the rents to maintain and improve existing conditions under the direction of the current health and safety receiver, the estate will not be able to comply with the direction of the Superior Court.

10.   Truman Vroman is owed the sum of $345,000 secured by seven properties which are set forth in Exhibit B.  Said properties are also included in Exhibit A hereto.  The properties set forth in Exhibit B have an aggregate fair market value of $3,805,000.  The total debt secured by the seven properties in Exhibit D prior to the secured debt secured by such properties is $345,000 as shown in Exhibit B.  Truman Vroman is adequately protected by the equity in such properties.  The rents from said properties as shown in Exhibit D are utilized to pay operational expenses of the said seven properties, indebtedness secured by the seven properties, insurance on same as well as the secured taxes as shown in Exhibit E.

11.   Caliber Home Loans, assignee of Beneficial Finance, is secured by a first priority Deed of Trust describing real property located at 2969 California St., Eureka, CA.  Caliber Home Loans contends that there is a past due balance following assignment from

Beneficial Finance. The contention is disputed. The total indebtedness due Caliber Home Loans is approximately $195,000. The fair value of the property is $3,000,000. Caliber Home Loans is adequately protected by the equity in the property. The rents as shown in Exhibit D are required to keep Caliber Home Loans current, pay current real property taxes, operational expenses, insurance, and to meet health and safety standards are required by the appointed receiver at the direction of the Superior Court. Absent maintaining said expenses current, the City of Eureka will compel dispossession by the tenants and the property will not earn rents. Projected expenses of the subject property are set forth in Exhibit E.

Executed under penalty of perjury this 25th day of November, 2017 at Eureka, California.

>  /s/ *Floyd Squires*
>  Floyd Squires, Debtor

| Property | Type/Value | Deed of Trust |
|---|---|---|
| 607-609 Summer Street, Eureka<br>APN 001-042-12 | Multi<br>$800,000 | 1st D/T   T. Vroman    $20,000 |
| 119 W 6th St; 607 Summer Street, Eureka<br>APN 001-042-13 | See above | |
| 202 3rd St., Eureka<br>APN 001-066-001 | SFR<br>$560,000 | 1st D/T None |
| 216 3rd St., Eureka<br>APN 001-066-022 | Multi<br>$925,000 | 1st D/T   T. Vroman $35,000 |
| 205 4th St.;  325 C St., Eureka<br>APN 001-066-007 | | |
| 117-119 5th St., Eureka<br>APN 001-071-004 | | |
| 211-219 5th St., Eureka<br>APN 001-103-004 | | 1st D/T Francis Family Trust $100,000<br>2nd D/T Francis Family Trust $40,000 |
| 1637 3rd St., Eureka<br>APN 002-063-003 | Multi<br>$400,000 | 1st D/T  T. Vroman   $65,000 |
| 2325 2nd St., Eureka<br>APN 002-123-004 | Multi<br>$310,000 | 1st D/T   T. Vroman   $45,000 |
| 1410 Union St., Eureka<br>APN 004-33-003 | SFR<br>$300,000 | 1st D/T Chase Bank $10,426.17 |
| 1233 A St., Eureka<br>APN 004-112-008 | Multi<br>$475,000 | 1st D/T Beneficial Fin. $88,000 |
| 241 Wabash Ave., Eureka<br>APN 004-196-07 | SFR<br>$400,000 | 1st D/T   T. Vroman   $100,000 |
| 1803 C St., Eureka<br>APN 004-203-001 | | |
| 833 H St., Eureka<br>APN 005-012-005 | Multi<br>$850,000 | 1st D/T M&T Bank $92,000 |
| 705 15th St., Eureka<br>APN 005-042-008 | SFR<br>$375,000 | 1st D/T Chase Bank $22,633 |

EXHIBIT A

| Property | Type/Value | Encumbrances |
|---|---|---|
| 1623 G St. 1625 G St., Eureka<br>APN 005-053-006 | Multi<br>$650,000 | 1st D/T T. Vroman $45,000 |
| 1635 G St., Eureka<br>APN 005-053-007 | SFR<br>$500,000 | 1st D/T Ocwen $67,933 |
| 1925 H St., Eureka<br>APN 005-075-009 | Multi<br>$425,000 | 1st D/T None |
| 1429 Sunny Ave., Eureka<br>APN 006-191-015 | SFR<br>$340,000 | 1st D/T SPS $20,105<br>2nd D/T Brad Floyd 10,000 |
| 2245 Broadway, Eureka<br>APN 008-001-007 | Multi<br>$1,910,000<br>Insurance Claim Filed | 1st D/T J. Quintrell $28,500 |
| 2235 Broadway, Eureka<br>APN 008-001-010 | Multi<br>$650,000<br>Insurance Claim Filed | 1st D/T None |
| 204 W. Hawthorne St., Eureka<br>APN 009-122-005 | Multi<br>$320,000 | 1st D/T T. Vroman $35,000 |
| 2941 California St.; 2969 California St., Eureka<br>APN 010-061-010 | Multi<br>$3,000,000 | 1st D/T Caliber Home Loans $195,000 |
| 2927 California St., Eureka<br>APN 010-061-011 | N/A | Part of 2941 California St., Eureak |
| 2535 L St., Eureka<br>APN 011-153-005 | SFR<br>$400,000 | 1st D/T Brad Floyd $200,000 |
| 2445 Russ St., Eureka<br>APN 013-171-010 | SFR<br>$400,000 | 1st D/T Ocwen $ 36,853 |

EXHIBIT A

| | | |
|---|---|---|
| 607-609 Summer Street, Eureka<br>APN 001-042-12 | Multi<br>$800,000 | 1st D/T   T. Vroman   $20,000 |
| 216 3rd St., Eureka<br>APN 001-066-022 | Multi<br>$925,000 | 1st D/T   T. Vroman $35,000 |
| 1637 3rd St., Eureka<br>APN 002-063-003 | Multi<br>$400,000 | 1st D/T   T. Vroman   $65,000 |
| 2325 2nd St., Eureka<br>APN 002-123-004 | Multi<br>$310,000 | 1st D/T   T. Vroman   $45,000 |
| 241 Wabash Ave., Eureka<br>APN 004-196-07 | SFR<br>$400,000 | 1st D/T   T. Vroman   $100,000 |
| 1623 G St. 1625 G St., Eureka<br>APN 005-053-006 | Multi<br>$650,000 | 1st D/T T. Vroman   $45,000 |
| 204 W. Hawthorne St., Eureka<br>APN 009-122-005 | Multi<br>$320,000 | 1st D/T   T. Vroman   $35,000 |

EXHIBIT B

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

NAME Mark S. Adams
ADDRESS 150 S. Barrington Ave., Suite 100
CITY Los Angeles
STATE & ZIP CA 90049

APN: see attached Exhibit A

TITLE ORDER NO. _____ ESCROW NO. _____

2014-001429-4
Recorded - Official Records
Humboldt County, California
Carolyn Crnich, Recorder
Recorded by: ADAMS
Rec Fee: $22.00
Addtl Title: $13.00
DA Fraud Fee: $3.00

Penalty Print Fee: $1.00

Clerk: LH Total:$39.00
Jan 23, 2014 at 11:48:59

# SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS (RECEIVERSHIP)

**This Super Priority Deed of Trust**, made this 21st day of January 2014, between

Mark S. Adams, solely in his capacity as Receiver for Property located on the attached Exhibit A, herein called Trustor, whose address is 150 S. Barrington Ave., Suite 100 Los Angeles, CA 90049,

Stewart Title of California, Inc., herein called Trustee, and California Receivership Group, herein called Beneficiary.

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Humboldt County, California, described as:

(legal description attached as Exhibit A and incorporated herein by this reference)

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
For the Purpose of Securing: 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $15,317.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IMPERIAL | 9/10/68 | 1267 | 574 | ORANGE | 9/6/68 | 8714 | 147 | SAN BERNARDINO | 9/6/98 | 7090 | 14 | SANTA BARBARA | 9/6/68 | 2244 | 922 |
| KERN | 9/6/68 | 4195 | 363 | VENTURA | 9/6/68 | 3363 | 84 | SAN LUIS OBISPO | 9/10/68 | 1489 | 429 | LOS ANGELES | 8/28/68 | T5910 | 842 |
| RIVERSIDE | 9/10/68 | | | ACCOUNT = B7097 YEAR 1968 | | | | SAN DIEGO | 9/10/68 | | | SERIES 9 BOOK 1968 PAGE 155620 | | | |
| HUMBOLDT | 9/10/68 | 657 | 527 | | | | | | | | | | | | |

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.
The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

_[signature]_
Mark Adams, Court – Appointed Receiver for Squires 29, Eureka

STATE OF CALIFORNIA
COUNTY OF _____ } SS.

On _____ before me, _____
personally appeared _____
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature_____                                (This area for official notarial seal)

EXHIBIT " C " 1 of 4

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

State of California
County of **Los Angeles**

On **January 21, 2014** before me, **Marcia C. Wehde, Notary Public**,
 Date                                            Here Insert Name and Title of the Officer

personally appeared **Mark Adams**
                                                  Name(s) of Signer(s)

[Notary Seal: MARCIA C. WEHDE, Commission # 2048107, Notary Public - California, Los Angeles County, My Comm. Expires Nov 12, 2017]

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____
               Signature of Notary Public

Place Notary Seal Above

─────────────────── OPTIONAL ───────────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: **Deed of Trust**
Document Date: **January 21, 2014** Number of Pages: _____
Signer(s) Other Than Named Above: **N/A**

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
- ☐ Corporate Officer — Title(s): _____
- ☐ Individual
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

[RIGHT THUMBPRINT OF SIGNER / Top of thumb here]

Signer Is Representing: _____

Signer's Name: _____
- ☐ Corporate Officer — Title(s): _____
- ☐ Individual
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

[RIGHT THUMBPRINT OF SIGNER / Top of thumb here]

Signer Is Representing: _____

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827) Item #5907

## DO NOT RECORD

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein

## To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general

(2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed

(4) To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto, all costs, fees and expenses of this Trust

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto 'Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them)

(10) That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person , by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby .

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

---

## DO NOT RECORD
## REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid:

To Stewart Title of California, Inc., Trustee:     Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

**MAIL RECONVEYANCE TO:**

By _____

By _____

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

DOCUMENT PROVIDED BY STEWART TITLE OF CALIFORNIA, INC.                    SHTFRMDT.DOC

OR #2014-001429-4   3 of 4

# Exhibit A

## Legal Description

a) 609 Sumer Street. (APN: 001-042-012)
b) 119 W. 6th Street; 607 Summer Street (APN: 001-042-13)
c) 202 3rd Street; 315 C. Street (APN: 001-066-001)
d) 216 3rd Street (APN: 001-066-022)
e) 205 4th Street; 317 C Street; 325 C Street (APN: 001-066-007)
f) 117-119 5th Street (APN: 001-071-004)
g) 211-219 5th Street (APN: 001-103-004)
h) 1637 3rd Street (APN: 002-063-005)
i) 2325 2nd Street (APN: 002-123-004)
j) 1410 Union Street (APN: 004-033-003)
k) 1233 A Street (APN: 004-112-008)
l) 241 Wabash Avenue (APN: 004-196-007)
m) 1803 C Street (APN: 004-203-001)
n) 833 H Street (APN: 005-012-005)
o) 705 15th Street (APN: 005-042-008)
p) 1623 G Street; 1625 G Street (APN: 005-053-006)
q) 1635 G Street (APN: 005-053-007)
r) 1925 H Street (APN: 005-075-009)
s) 1429 Sunny Avenue (APN: 006-191-015)
t) 2245 Broadway (APN: 008-011-007)
u) 2235 Broadway (APN: 008-001-010)
v) 204 W. Hawthorne Street (APN: 009-122-005)
w) 2941 California Street; 2969 California Street (APN: 010-061-010)
x) 2927 California Street (APN: 010-061-011)
y) 2535 L Street (APN: 011-153-005)
z) 2445 Russ Street (APN: 013-171-010)

OR #2014-001429-4 4 of 4

Case: 17-10828 Doc# 22 Filed: 11/30/17 Entered: 11/30/17 15:23:38 Page 12 of 15

| | |
|---|---|
| 609 Summer Street, Eureka<br>APN 001-042-12 | $2,350 |
| 119 W 6th St; 607 Summer Street, Eureka<br>APN 001-042-13 | $3,050 |
| 202 3rd St., Eureka<br>APN 001-066-001 | $600 |
| 216 3rd St., Eureka<br>APN 001-066-022 | -0- |
| 205 4th St.; 317 C St;, 325 C St., Eureka<br>APN 001-066-007 | $1,000 |
| 117-119 4th St., Eureka<br>APN 001-071-004 | $1,900 |
| 211-219 5th St., Eureka<br>APN 001-103-004 | $2,985 |
| 1637 3rd St., Eureka<br>APN 002-063-003 | $3,575 |
| 2325 2nd St., Eureka<br>APN 002-123-004 | $1,850 |
| 1410 Union St., Eureka<br>APN 004-33-003 | $750 |
| 1233 A St., Eureka<br>APN 004-112-008 | $4,370 |
| 241 Wabash Ave., Eureka<br>APN 004-196-07 | $1,250 |
| 1803 C St., Eureka<br>APN 004-203-001 | $2,350 |
| 833 H St., Eureka<br>APN 005-012-005 | $6,425 |
| 705 15th St., Eureka<br>APN 005-042-008 | $1,525 |
| 1623 G St. 1625 G St., Eureka<br>APN 005-053-006 | $6,300 |

EXHIBIT D

| | |
|---|---|
| 1635 G St., Eureka<br>APN 005-053-007 | -0- |
| 1925 H St., Eureka<br>APN 005-075-009 | $950 |
| 1429 Sunny Ave., Eureka<br>APN 006-191-015 | $1,675 |
| 2245 Broadway, Eureka<br>APN 008-001-007 | -0- |
| 2235 Broadway, Eureka<br>APN 008-001-010 | -0- |
| 204 W. Hawthorne St., Eureka<br>APN 009-122-005 | $1,950 |
| 2941 California St.; 2969 California St., Eureka<br>APN 010-061-010 | $15,800 |
| 2927 California St., Eureka<br>APN 010-061-011 | Incl. in above |
| 2535 L St., Eureka<br>APN 011-153-005 | $1,250 |
| 2445 Russ St., Eureka<br>APN 013-171-010 | $1,250 |

EXHIBIT D

Exhibit E

Projected Expenses on Each Property

11/24/17  Monthly

| | Property | Mortgage | Utilities | Prop. Tax | Monthly Insurance | Maint. | Prof. Fees | Misc. |
|---|---|---|---|---|---|---|---|---|
| a) | 609 Summer | $0.00 | $561.78 | $733.59 | $75.00 *** | $125.00 | $100.00 | $100.00 |
| b) | 119 W. 6th; 607 Summer | $1,600.00 | $996.43 | $184.79 | $100.00 *** | $125.00 | $100.00 | $100.00 |
| c) | 202 3rd St; 315 C St. | $0.00 | $149.93 | $412.80 | $100.00 ***** | $125.00 | $100.00 | $100.00 |
| d) | 216 3rd | $780.00 | $1,296.89 | $946.96 | $150.00 ***** | $125.00 | $100.00 | $100.00 |
| e) | 205 4th; 317 C; 325 C St. | $0.00 | $103.50 | $313.80 | $100.00 ***** | $125.00 | $100.00 | $100.00 |
| f) | 117-119 5th St. | $0.00 | $882.77 | $482.58 | $100.00 ***** | $125.00 | $100.00 | $100.00 |
| g) | 211-219 5th St. | $0.00 | $1,089.36 | $834.13 | $100.00 ***** | $125.00 | $100.00 | $100.00 |
| h) | 1637 3rd | $960.00 | $393.36 | $574.17 | $70.00 * | $125.00 | $100.00 | $100.00 |
| I) | 2325 2nd | $975.00 | $174.72 | $154.50 | $30.00 * | $125.00 | $100.00 | $100.00 |
| j) | 1410 Union | $569.58 | $20.85 | $132.65 | Inc. in Mortgage | $125.00 | $100.00 | $100.00 |
| k) | 1233 A Street | $1,050.12 | $430.34 | $608.05 | $100.00 ***** | $125.00 | $100.00 | $100.00 |
| l) | 241 Wabash | $1,780.00 | $0.00 | $150.28 | $159.50 *** | $125.00 | $100.00 | $100.00 |
| m) | 1803 C | $0.00 | $1,010.10 | $576.04 | $75.00 ****** | $125.00 | $100.00 | $100.00 |
| n) | 833 H | $3,165.00 | $1,070.12 | $1,031.70 | Inc. in Mortgage | $125.00 | $100.00 | $100.00 |
| o) | 705 15th | $746.65 | $1,467.94 | $350.92 | $100.00 **** | $125.00 | $100.00 | $100.00 |
| p) | 1623 G; 1625 G St | $1,010.00 | $1,106.66 | $384.92 | Mercury* $105.00 | $125.00 | $100.00 | $100.00 |
| q) | 1635 G | $1,282.12 | inc. on 1625 | $831.27 | Inc. in Mortgage | $125.00 | $100.00 | $100.00 |
| r) | 1925 H | $0.00 | $0.00 | $174.36 | $210.00 *** | $125.00 | $100.00 | $100.00 |
| s) | 1429 Sunny | $460.00 | $494.16 | $263.38 | $150.00 ***** | $125.00 | $100.00 | $100.00 |
| t) | 2245 Broadway | $1,000.00 | $0.00 | $532.99 | $0.00 | $125.00 | $100.00 | $100.00 |
| u) | 2235 Broadway | $0.00 | $0.00 | $97.29 | $0.00 | $125.00 | $100.00 | $100.00 |
| v) | 204 W Hawthorne | $1,068.00 | $258.78 | $241.02 | $211.00 **** | $125.00 | $100.00 | $100.00 |
| w) | 2941 Ca St; 2969 Ca St | $2,800.00 | $416.33 | $159.85 | $98.00 | $125.00 | $100.00 | $100.00 |
| x) | 2927 California | $0.00 | $1,274.01 | $1,033.63 | $180.00 | $125.00 | $100.00 | $100.00 |
| y) | 2535 L | $0.00 | $0.00 | $185.03 | $225.00 *** | $125.00 | $100.00 | $100.00 |
| z) | 2445 Russ | $558.87 | $0.00 | $150.30 | $50.00 **** | $125.00 | $100.00 | $100.00 |
| | Totals | $19,805.34 | $13,198.03 | $11,541.00 | $2,488.50 | $3,250.00 | $2,600.00 | $2,600.00 |

*Mercury Insurance through Castle (pending)

** California fair Plan (Application pending estimate)

*** American Modern

****Allstate quarter billing

*****Submitted to Grange

| Costs of Projected Renovations | | | |
|---|---|---|---|
| 11/20/2017- 12/1/2017 | 833 H | Rewire | $6,000.00 |
| 11/15/2017-11/2017 | 705 5th | Vandalism | $4,500.00 |
| 12/5/2017-12/19/2017 | 117 5th | Foundation, etc | $6,000.00 |
| 11/3/2017-11/7/2017 | 211-219 5th | Roofing | $3,000.00 |

Page 1

EXHIBIT " E "