```
David N. Chandler, Sr. SBN 60780
David N. Chandler, Jr. SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtors
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE No. 17-10828 WJL |
| FLOYD E. SQUIRES, III and BETTY J. SQUIRES, | CHAPTER 11 |
| Debtors.      / | DECLARATION OF JEFF SMITH IN SUPPORT OF MOTION TO EXCUSE TURNOVER BY CUSTODIAN |
| | Date:  December 21, 2018<br>Time:  110:00 a.m.<br>Place: 99 S. E Street<br>       Santa Rosa, CA 95404 |

I, Jeff Smith, declare and say:

1. That if called as a witness, I am competent to testify to the within matters from my own knowledge.

2. Pursuant to Order of the Superior Court, County of Humboldt, I was appointed receiver on Motion of the City of Eureka with powers related to supervision of remedial action required to bring the properties subject to the receiver into compliance with applicable building and safety codes. A true and correct copy of the Order is attached hereto as Exhibit A.

3. I have submitted three reports to the Court in connection with my responsibilities as receiver. Each time the reports were

1

accepted by the Court.

4. I have worked closely with the City of Eureka Building Department and inspectors to identify and record existing code violations and their repair.

5. Upon determination as to the appropriate remedial action to be taken, I advise Mr. Squires and direct that the action be taken.

6. As violations are remedied, further allegations as to violations occur. Tenant conduct or that of a third party is often the source of the new violation, but remedial action is required if a violation occurs.

7. The Court has approved my fees in the past at the hourly rate of $175.00. I have previously been allowed approximately $75,000 in fees and expenses and paid. I have accrued approximately $25,000 in fees since fees were last allowed. Floyd Squires was required by the Court to deposit into the Superior Court a sum certain from which such fees have been paid. When the outstanding fees are paid, the deposit will be reduced by that amount and possibly depleted.

8. The assignment has not been particularly lucrative and I do not anticipate that it will be. The benefit to the community and the tenants that I can provide is my primary motivation in continuing as receiver. I report only to the Court and have submitted entirely to supervision by the Court.

9. Two residential properties remain which require rehabilitation:

    a. 833 H Street, Eureka is approximately 90% completed;

and

      b. 117-119 5th St., Eureka involves some foundation issues which I need to confirm the status of and direct necessary repairs to the extent they have not been accomplished.

10. In addition, there are two non-residential properties which need to be addressed. One is relatively minor with an estimated repair cost of approximately $3,200.00. The other is a multi-story unreinforced masonry building which requires retrofitting which will be more extensive.

11. The above assumes that additional problems have not developed with other properties in the interim.

12. I am willing to continue to serve as receiver as appointed and follow the directions of the Superior Court in resolving the identified issues in the matter.

Executed under penalty of perjury this 13th day of December, 2017 at Eureka, California.

                                                                    */s/Jeff Smith*
                                                                   Jeff Smith, Receiver

B. Floyd
Box#002

FILED

JUL 0 2 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT

| | |
|---|---|
| CITY OF EUREKA and THE PEOPLE OF THE STATE OF CALIFORNIA | CASE NO. DR110040 |
| Plaintiffs, | INTERIM RULING |
| vs. | |
| FLOYD SQUIRES and BETTY SQUIRES, ET AL | |
| Defendants. | |

Before the Court is the complaint of petitioners City of Eureka and the People of the State of California, seeking issuance of a permanent injunction, declaratory relief, civil penalties and the appointment of a receiver because of alleged nuisances and other substandard conditions at 26 properties owned by respondents Floyd Squires, Floyd E. Squires, Floyd E. Squires III, Betty J. Squires, FB Squires Family Trust, and Betty J's Building, Inc. Petitioners are referred to herein collectively as "City," and respondents are referred to herein collectively as "Squires."

The trial was conducted October 9, 10, 15, 16, 22, 23, 24, 25, 30, and 31, 2012, November 1, 5, 6, 7, 8, 9, 13, 14, 15, 26, 28, 29, and 30, 2012, and December 3 and 4,

N:\DR110040\dkr
INTERIM RULING

- 1 -

EXHIBIT "A"


2012. Testimony was received from witnesses Denise Phillips-Brazil, John Fitzhugh, Michael Frick, Brian Gerving, James Goodlive, Edward Hamline, John Polansky, Scott Penfold, Joanne Quintrell, Floyd Squires III, William Walser and Wesley Weir and exhibits were received in evidence. Rulings on the admissibility of certain exhibits were reserved subject to receipt of post-trial briefs.

On December 4, 2012, counsel for the parties agreed to submit post-trial closing briefs and post-trial reply briefs.

## DISCUSSION

Procedural History

The procedural history in this matter is as follows:

1. On January 18, 2011, City filed a complaint alleging numerous substandard and unsafe conditions at 26 properties owned by Squires [herein referred to as subject properties]. City also filed a motion seeking 1) the emergency appointment of a receiver for the properties and a temporary restraining order, and 2) an order to show cause regarding the issuance of a preliminary injunction and the appointment of a receiver.

2. The ex parte application for emergency appointment of a receiver and issuance of a temporary restraining order was denied.

3. On February 28, 2011, a hearing on the Order to Show Cause Re: Appointment of a Receiver and Issuance of a Preliminary Injunction commenced.

4. The Court appointed Mark Adams as provisional receiver for the subject properties identified in the complaint on March 10, 2011. Adams was authorized to investigate alleged violations at the properties and to submit a report to the court within 30 days of the appointment.

5. Squires filed a notice of appeal of the order appointing Mr. Adams on March 11, 2011, and posted an undertaking in the amount of $50,000 on March 21, 2011.

11-13-17;04:43PM;                                              ;7077986099                    #   7/ 18
07-03-13;03:28PM;                                          ;                              #.  4/ 13

1. Enforcement of the order appointing provisional receiver was stayed pending appeal. The Court of Appeal dismissed the appeal of the March 10, 2011 order as moot on February 7, 2012.

6. The hearing on the Order to Show Cause Re: Appointment of a Receiver and Issuance of a Preliminary Injunction concluded on June 13, 2011. Testimony was taken from thirty-four witnesses and numerous exhibits were received. Following receipt and consideration of the post-hearing briefs, the Court issued a ruling granting City's application for appointment of an interim receiver and for issuance of a preliminary injunction as to six properties owned by Squires on September 27, 2011.

7. Following resolution of Squire's objections to the order proposed by City, the Court entered an Order Appointing Receiver and Granting Preliminary Injunction on October 24, 2011.

8. On October 25, 2011, Squires filed a Notice of Appeal of the October 24, 2011 order. Squires posted an undertaking pending appeal on October 27, 2011 and execution of the October 24, 2011 order was stayed pending appeal.

9. This trial followed.

Stipulations

Counsel for the parties entered into the following stipulations:

1. Concerning exhibit 1, the inspection warrants were obtained and acted upon. There was nothing improper about the execution of the inspection warrants. Squires does not stipulate that the inspection warrants were properly obtained.

2. Exhibit 9 is received in evidence for the limited purpose of identifying the violation of code sections allegedly observed at the subject properties.

3. Concerning exhibit 18, a remittitur was issued.

N:\DR110040\dkr
INTERIM RULING
- 3 -

4. The respondents identified in the caption of the complaint are the owners of the real property at issue.

5. The Court shall take judicial notice of:

    a. The ex parte application filed by City on January 18, 2011;

    b. The orders issued and the dates reflected in exhibits 7 and 8;

    c. The existence of the documents and dates reflected in exhibits 17 and 18; and

    d. The text of the code sections comprising exhibit 22 (Building, Electrical, Plumbing, Residential, Eureka Municipal Code, Health and Safety Code and sections defining a public nuisance).

Objections to Evidence

The Court rules as follows on City's objections to the evidence offered by Squires:

1. Exhibits D, E-1, E-2, E-3, E-4, H, N, Q, R, and S.

The objections are overruled. The documents are hearsay evidence as defined by Evidence Code [EC] section 1200. Sufficient foundation was offered to establish an exception to the hearsay rule as a business record. EC sections 1270 and 1271.

2. Exhibit U.

The objection is sustained. The document is hearsay as defined by EC section 1200, and sufficient foundation was not offered to establish an exception to the hearsay rule. Further, the exhibit is not relevant evidence having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action. EC section 210.

The Court rules as follows on Squires' objections to the evidence offered by the City:

N:\DR110040\dkr
INTERIM RULING

-4-

1.  **Exhibits 6, 7, 8, and 17.**

    The objections are overruled. The Court may take judicial notice of the existence of records in a case. EC section 452(d). The Court will not, however, judicially notice the truth of facts subject to dispute. *Sosinsky vs. Grant* (1992) 6 Cal. App. 4th 1548.

2.  **Exhibits 10 and 20.**

    The objections are overruled. EC section 1523(d) ["Oral testimony of the content of a writing is not made inadmissible by subdivision (a) if the writing consists of numerous accounts or other writings that cannot be examined in court without great loss of time, and the evidence sought from them is only the general result of the whole."]; *Heaps v. Heaps* (2004) 124 Cal. App. 4th 286, 293 ["However, since the schedule was a general compilation of documents that could not be examined individually by the court without great loss of time, it was admissible. (See Evid. Code, §1523, subd. (d)..."].[1] EC sections 1271 and 1280.

3.  **Exhibit 18.**

    The objection is overruled. EC section 452(d); *Sosinsky vs. Grant, supra.* Further, counsel for the parties stipulated that a remittitur was issued.

Summary of Pleadings

The City's complaint states four causes of action: 1) Public Nuisance with regards to the subject properties in violation of Health and Safety Code sections 17980 et. seq., and Eureka Municipal Code sections 150.162 et seq.; 2) Public Nuisance with regards to the subject properties in violation of the Eureka Municipal Code and other state laws; 3) Unlawful or Unfair Business Practices with regard to the subject

---

[1] Further, counsel for Squires tentatively agreed to the admission of pages 13-87 when testimony was received concerning exhibit 20 during trial.

N:\DR110040\dkr

- 5 -

INTERIM RULING

1 | properties in violation of Business and Professions Code section 17200 et. seq; and
2 | 4) Declaratory Relief.
3 |     Squires had denied the allegations of the complaint and has asserted affirmative
4 | defenses.
5 | Analysis
6 |     The evidence received supports a finding that the subject properties have in the
7 | past been maintained in a manner that violates applicable codes and local ordinances.
8 | Those violations were described extensively in the testimony of Mr. Gerving, and are
9 | identified by specific property location in Exhibit 9.
10 |     Squires has presented evidence that many of the violations have been corrected.
11 | In particular, expert witness Scott Penfold inspected the subject properties prior to the
12 | commencement of this trial, and testified concerning the correction of many of the
13 | violations, or the lack of violations observed.
14 |     It is not disputed that the City's Building Official has not been able to verify
15 | whether the bulk of the code violations have been corrected. Squires declined the
16 | City's request to inspect the subject properties prior to the trial; and City did not seek an
17 | inspection of the subject properties prior to this trial by means of a formal discovery
18 | request. It remains, however, that the testimony concerning the present condition of the
19 | subject properties was largely not refuted by the City.
20 |     Upon consideration of the evidence received at the trial herein and the post-trial
21 | closing briefs, the Court finds as follows:
22 |     1. The evidence does not support a finding that the subject properties are
23 | presently maintained in such a manner as to come within the provisions of Health and
24 | Safety Code sections 17980.6 and 17980.7.
25 |

N:\DR110040\dkr

-6-

INTERIM RULING

Case: 17-10828    Doc# 41    Filed: 12/14/17    Entered: 12/14/17 17:04:28    Page 9 of 14

The Court does not find that the present violations of applicable codes, regulations and local ordinances involving the subject properties: "...are so extensive and of such a nature that the health and safety of residents or the public is substantially endangered..." [Health and Safety Code section 17980.6]. Accordingly, the remedies and penalties sought by the City pursuant to Health and Safety Code section 17980.7 are denied.

    2. A Nuisance is defined by Civil Code section 3479 as:

> "...Anything which is injurious to health,...or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway..."

A public nuisance is one that affects a considerable number of persons. Civil Code section 3480 ["A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal."] See also, Eureka Municipal Code [EMC] sections 150.162 and 150.163[2]

As discussed above, based on the evidence presented concerning the current condition of the subject properties, the Court does not find that any of the subject properties constitute a public nuisance as defined by Civil Code sections 3479 and 3480 or EMC sections 150.162 or 150.163.

    3. Business and Professions Code section 17200 provides:

> "...As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue

---

[2] EMC section 150.162 defines a substandard building and declares such a building to be a public nuisance. The conditions impacting the building must "endanger[s] the life, limb, health, property, safety or welfare of the public or the occupants thereof."

Additional conditions and/or activities impacting the premises are declared to be public nuisances in EMC section 150.163.

N:\DR110040\dkr

-7-

INTERIM RULING

Case: 17-10828    Doc# 41    Filed: 12/14/17    Entered: 12/14/17 17:04:28    Page 10 of 14

or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500 of Part 3 of Division 7 of the Business and Professions Code."

The violations of the applicable codes and local ordinances at the subject properties are also a violation of the "unlawful" prong of the unfair competition law. See, Business and Professions Code section 17205 ("unless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state"). *People v McKale* (1979) 25 Cal. 3d 626, the Supreme Court stating at page 634:

> "...The eighth, ninth, and tenth causes of action allege as acts of unfair competition defendants' failure to maintain – as required by statute – proper mechanical, electrical, sanitary, and other installations – within the park....Defendants contend such allegations, if true, do not constitute sufficient acts of unfair competition to withstand defendants' demurrers. This court stated in *Barquis* – in considering the meaning of unfair competition proscribed by then Civil Code section 3369 – that 'it is difficult to see any other purpose than to extend the meaning of unfair competition to anything that can properly be called a business practice and that at the same time is forbidden by law.' The court held that because the complaint before it alleged 'unlawful' conduct pursued as a 'business practice,' a demurrer thereto could not be sustained...." [internal quotes omitted].

This is true despite that some of the codes and ordinances violated are acts of local governments. See, *Saunders v. Superior Court* (1994) 27 Cal. App. 4th 832, 838 – 839 ("The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made"); *Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal. App. 4th 659, 681 ("Moreover, violations of local ordinances may be 'borrowed' to establish a UCL claim based upon 'unlawful' acts or practices").

The Court finds the violations of the applicable codes and local ordinances at the subject property are violations of Business and Professions Code section 17200, *et seq.* See, *People Ex. Rel. Trutanich v. Joseph* (2012) 204 Cal. App. 4th 1512, 1525 [Business and Professions Code section 17200 Action for Violations of the Narcotics

N:\DR110040\dkr
INTERIM RULING
- 8 -

Case: 17-10828   Doc# 41   Filed: 12/14/17   Entered: 12/14/17 17:04:28   Page 11 of 14

1 | Abatement Law and the Public Nuisance Law]; *People Ex Rel. City of Santa Monica v. Gabriel* (2010) 186 Cal. App. 4th 882, 888 [Landlord's sexual harassment of his tenant occurs during business-related encounters arising out of the business of renting residential housing and comes within the purview of section 17200 of the Business and Professions Code]; and *Stop Youth Addiction v. Lucky Stores* (1998) 17 Cal. 4th 553, 570 [A single act of unfair competition may create liability].

The Unfair Competition Law authorizes equitable remedies against unfair competition, including: specific and preventive relief;[3] and injunction;[4] and appointment of a receiver.[5] The Court may also impose civil penalties not to exceed $2,500 for each violation.[6]

## INTERIM RULING

The Court rules as follows:

1. A receiver shall be appointed as to the subject property. The receiver shall:

---

[3] Business and Professions Code section 17202.

[4] Business and Professions Code section 17203 provides in part:
"Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition..."
See also, *Clayworth v. Pfizer, Inc.* (2010) 49 Cal. 4th 758, 789 – 790; *Madrid v. Perot Systems Corp.* (2005) 130 Cal. App. 4th 440, 462 – 463; and *People Ex Rel. Trutanich v. Joseph, supra.*

[5] Business and Professions Code section 17203.

[6] Business and Professions Code section 17206 states in part:
"(a) Any person who engages, has engaged, or proposes to engage in unfair competition shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation...
(b) The court shall impose a civil penalty for each violation of this chapter. In assessing the amount of the civil penalty, the court shall consider any one or more of the relevant circumstances presented by any of the parties to the case, including, but not limited to, the following: the nature and seriousness of the misconduct, the number of violations, the persistence of the misconduct, the length of time over which the misconduct occurred, the willfulness of the defendant's misconduct, and the defendant's assets, liabilities, and net worth..."
See also, *People Ex Rel. Bill Lockyer v. Freemont Life Ins. Co.* (2002)104 Cal. App. 4th 508, 523.

N:\DR110040\dkr

- 9 -

INTERIM RULING

      a. attend the inspection of the subject property ordered herein, and file and serve a report concerning the current condition of the subject property.

      b. the report shall describe any code violations currently existing at the subject property, verify any corrections that have been made concerning code violations previously cited and set forth a recommended time line for bringing the subject property into compliance with applicable codes, including those which require a permit and final inspection and approval by the City.

2. City and Squires shall submit, within twenty (20) days of the filing of this Interim Ruling, nominations for the receiver. The qualifications for the receiver to perform the tasks stated above shall be stated.

The parties may file any objections to the other party's nominee within five (5) days after the nomination.

Thereafter, the Court will appoint the receiver.

3. Squires shall permit the City Building Department officials to conduct an inspection of the subject property no later than thirty (30) days after the date of the entry of the order appointing the receiver herein, in order to document the current condition of the subject property, determine whether code and ordinance violations have been corrected and identify those violations, if any, which require a permit and final inspection and approval by the City. Squires shall provide notice to tenants concerning the inspections if required.

4. The receiver shall file and serve the report within fifteen (15) days of completion of inspection of the subject property.

1     5. The Court reserves ruling on issuance of an injunction and imposition of civil
2 penalties until receipt of the receiver's report and the conclusion of any hearings
3 conducted following receipt of the report.

4     This matter is scheduled for a Case Management Conference on Monday,
5 September 23, 2013 at 8:30 a.m. in Courtroom 4. Telephone appearances are
6 approved.

7 Dated: June 28, 2013

8                         DALE A. REINHOLTSEN
                          Dale A. Reinholtsen, Judge of the Superior Court