David N. Chandler, Sr. SBN 60780
David N. Chandler, Jr. SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE:

FLOYD E. SQUIRES, III and
BETTY J. SQUIRES,

    Debtors.      /

CASE No. 17-10828 WJL

CHAPTER 11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER EXCUSING TURNOVER BY CUSTODIAN

Date:  December 21, 2017
Time:  10:00 a.m.
Place:  99 South E St.
       Santa Rosa, CA

FLOYD E. SQUIRES, III and BETTY J. SQUIRES, Debtors herein, submit the following Memorandum of Points and Authorities in support of their Motion to excuse turnover by a custodian:

1. A "custodian" is defined by 11 U.S.C. §101(11) is a receiver of any of the property of the debtor, appointed in a case or proceeding not under Title 11.

The Superior Court case in which the receiver was appointed is not a case or proceeding under Title 11. The receiver was appointed by that Court pursuant to the California Business and Professions Code § 17200. However, there is a question as to whether the receiver was appointed "of any property of the debtor". The health and safety aspects of property of the estate could be

said to constitute property of the Debtors and certainly property rights of the Debtors even though the property of which the receiver is vested is intangible.

    2.    The completion of the receiver's review and report will have a significant impact on the property of the estate which will be best served to have the work of the receiver completed under the guidance of the Superior Court.

    3.    The receiver was appointed pursuant to the California Business and Professions Code §17200. The Court found that the Plaintiffs had not made the showing required under the California Health and Safety Code and a receiver was not appointed pursuant thereto. Fees and costs of the prevailing party on the Health and Safety Code issues have not been determined.

    4.    There may be a dispute as to the amount remaining for the receiver to do. Although properties have been cleared by the Receiver, additional violations occur by acts of third parties. Despite having sought the appointment of the receiver, the City Attorney has attempted to have Mr. Smith removed as receiver on three separate instances. Such efforts were rejected by the Superior Court each time.

    5.    The continued improvement of the remaining properties through compliance with directives of the receiver are in the best interests of secured creditors, the estate and the equity holders.

    6.    The intangible rights entrusted to Mr. Smith may be subject to turnover to the Debtor pursuant to 11 U.S.C. §543. Such turnover may be excused by the Court after notice and hearing if the interests of creditors and the interests of equity security

holders would be better served by permitting a custodian to continue in possession, or control of such intangible rights. 11 U.S.C. §543(d).

    Wherefore, Debtor prays for an Order of this Court excusing compliance with subsections (a), (b) and (c) of Section 543.

Dated:    12/14/17                    Respectfully submitted,

                                              DAVID N. CHANDLER, p.c.

                                              By: */s/David N. Chandler*
                                              David N. Chandler
                                              Attorneys for Debtor