David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE:                              CASE No. 17-10828 WJL

FLOYD E. SQUIRES, III and           CHAPTER 11
BETTY J. SQUIRES,
                                    DECLARATION OF DAVID N. CHANDLER
     Debtors.              /        IN SUPPORT OF EX PARTE MOTION FOR
                                    ORDER EXTENDING TIME FOR FILING
                                    REVISED CASH COLLATERAL BUDGET

I, David N. Chandler, hereby declare:

1.   That if called as a witness, I can competently testify to the within matters from my own knowledge.

2.   On December 8, 2017, the Court authorized interim use of cash collateral on specific terms.  The Court also directed meet and confer on the budget to be proposed between counsel for Adams, the OUST and Debtors and, further that the revised budget be filed by December 14, 2017 and further hearing on December 21, 2017 in Santa Rosa.

3.   I forwarded revised budgets to counsel for Adams and to OUST.  A conference was held by telephone on December 13, 2017 between Jared Day, Larry Kluck and David N. Chandler.  Floyd Squires participated in the conference call.

4.   Specific Budget line items were discussed as well as pre-petition defaults to secured creditors as alleged by Mr. Kluck on December 8, 2017.  Some misinformation existed which was clarified

and discussed.

5. Budgetary considerations were discussed and agreed upon such as regular payments on the mortgages, utilities, insurance, maintenance, and repairs. Some budget categories Mr. Kluck would not, or could not, specifically agree, but stated that he would not object if same were included. Rather than address administrative costs as line items, for example, what was discussed and not subject to objection was a fixed percentage of the rents collected be expended for administrative expenses, an owner's draw, and monthly payment to Adams.

6. Mr. Squires during the call agreed to promptly revise the budget consistent with the items discussed and agreed upon and to include the items to which Mr. Kluck *would not object*. Mr. Day concurred that the agreed line items and those tacitly acknowledged would be acceptable, although the OUST had not opposed use of cash collateral.

7. Mr. Squires was required to travel to Stanford Hospital for medical tests not available in Eureka on December 13, 2017 and was unavailable to me for the entire day of December 14, 2017. I did not learn of Mr. Squires unavailability until mid afternoon, December 14, 2017 as he had communicated with my office late on December 13th.

8. It is not known when Mr. Squires will be available to finalize revisions to the budget, however, I am confident that by Monday, December 18, 2017, the revised budget containing the agreed and tacitly agreed terms can be filed and disseminated. It is possible that Mr. Squires will be available on December 15th to

-2-

assist me, but I was not able to speak with Mr. Squires directly on December 14th.  As soon as the budget is prepared and reviewed, I will file the revised budget and get it to counsel.

Executed under penalty of perjury this 14th day of December, 2017 at Santa Rosa, California.

                                               */s/David N. Chandler*
                                               David N. Chandler
                                               Attorney for Debtors