MARK S. ADAMS, SB#68300
ANDREW F. ADAMS, SB#275109
California Receivership Group, PBC
2716 Ocean Park Blvd., Suite 3010
Santa Monica, California 90405
Tel. (310) 471-8181
Fax (310) 471-8180
madams@calreceivers.com
Court-Appointed Receiver

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>FLOYD E. SQUIRES, III and BETTY J. SQUIRES,<br><br>Debtors. | Case No.: 17-10828 WJL<br><br>Chapter 11<br><br>**CALIFORNIA RECEIVERSHIP GROUP, PBC'S OPPOSITION TO MOTION FOR ORDER EXCUSING TURNOVER BY CUSTODIAN**<br><br>Hearing<br>Date: December 21, 2017<br>Time: 10:00 a.m.<br>Judge: Hon. William J. Lafferty<br>Place: U.S. Courthouse<br>3140 Boeing Avenue<br>McKinleyville, California 95519 |

The court should deny the Motion for Order Excusing Turnover by Custodian (Docket No. 39, December 14, 2017) filed by Floyd Squires and Betty Squires (together, the "Debtors"). Debtors paint a picture of their $15,000,000 empire of rental properties having only minor violations of the health and safety code, being aptly handled over the past three+ years by the receiver Jeff Smith. This is wholly inaccurate. While under the care of Smith, one of the

-1-

**CALIFORNIA RECEIVERSHIP GROUP, PBC'S OPPOSITION TO MOTION FOR ORDER EXCUSING TURNOVER BY CUSTODIAN**

Case: 17-10828   Doc# 51   Filed: 12/20/17   Entered: 12/20/17 12:24:16   Page 1 of 8

Debtor's properties, the Blue Heron Motel, burned down. After that, Smith did not even take proper measures to ensure that the charred remains would be secured and removed, and the City had to do that for him. Likewise, at the Debtors' properties in the 200 block of 3rd Street (nicknamed the "'Heroin Hilton'"), Smith failed to remediate dangerous conditions, and the city had to board them up to ensure public safety. Another of the Debtors' properties at 815 H Street had to be *demolished* by the City because it was so dangerous and substandard.

Smith has demonstrated that he cannot handle his role as the receiver to the point that three of the 26 properties owned by the Debtors in Eureka cease to be. The basic duty to preserve the properties and ensure that they are not destroyed is not being met.[1] Jeff Smith is not protecting the creditor's interests, but just as importantly, he has not fully abated the nuisances created by those conditions. Smith cannot stay in possession, and the Debtors cannot be returned to possession – creating a bit of a quandary for this Court. The solution is clearly to appoint a Chapter 11 Trustee, and so this Court should either (1) deny the Motion entirely, (2) grant it with the expectation that Smith will remain on the job until a Chapter 11 Trustee is appointed in late January 2018, or (3) continue it until that Chapter 11 Trustee Motion can be heard. Anything else puts the community of Eureka at risk, but also puts every secured creditor at risk of the property securing their interest being the next to be bulldozed and/or burn.

I. **SECTION 543 DOES NOT AUTHORIZE EXEMPTION FROM TURNOVER**

Section 543(d) provides that after notice and hearing, "the bankruptcy court (1) may excuse compliance with subsection (a), (b), or (c) of this section if the interests of creditors and, if the debtor is not insolvent, of equity security holders would be better served by permitting a custodian to continue in possession, custody, or control of such property…." The moving party seeking that exemption has to show by a preponderance of the evidence that such an exemption is proper. *In re Packard Square LLC*, 575 B.R. 768, 778 (Bankr. E.D. Mich. 2017).

---

[1] Miller & Starr, § 41:10. Preservation and management—Generally, 12 Cal. Real Est. (4th ed.).

CALIFORNIA RECEIVERSHIP GROUP, PBC'S OPPOSITION TO MOTION FOR
ORDER EXCUSING TURNOVER BY CUSTODIAN

Indeed, "[r]eorganization policy generally favors turnover of business assets to the debtor in a [C]hapter 11 case." *In re Orchards Vill. Invs., LLC.*, 405 B.R. 341, 352 (Bankr. D. Or. 2009). "But in cases where the custodian is a receiver who was appointed by a state court pre-petition, bankruptcy courts have considered the length of the time that the receiver has acted under a receivership order, and what, if anything, the receiver has done, and the impact of these considerations on the other relevant factors." *In re Packard Square LLC*, 575 B.R. at 779. In reviewing all of this, "the paramount and sole concern is the interests of all creditors." *Id.* at 778-779.

There is not a rich legal history on the law of whether to excuse a receiver from turnover. In re KCC-Fund V, Ltd. (Bankr. W.D. Mo. 1989) 96 B.R. 237 is relatively on point with the facts here. In that case, a receiver was appointed at the request of the lender (not the city), and that receiver had remedied the nuisance conditions at the three apartment buildings being used as college student housing. *Id.* at 238-40. The Court declined to return those properties to the Debtor, noting that "it may properly inquire into the debtors' prepetition and postpetition conduct in determining whether it should excuse compliance under § 543(d)," and tying the determination to a §305 abstention. *Id.* at 240. So the question to this Court is not just whether the "creditors will feel more comfortable" with the Property in the hands of a debtor or a receiver, the question is whether the real property at issue is being maintained. *Ibid.*

Unlike In re KCC-Fund, here, Jeff Smith is not doing "an outstanding job." *Ibid.* He has not obtained a 100% occupancy rate, or shown that he is maximizing the rental income of the Property. In fact, he is not meeting his basic directive to not allow the buildings to be destroyed. So, creditors are actively harmed by the *status quo*. As noted previously, one motel burned down, another apartment building had to be boarded and emptied, and a third converted apartment property had to be demolished because it was beyond salvageable. Smith has been the receiver *for over four years*, and he has failed to remediate the health and safety violations as he was instructed by the court. This has had a detrimental impact on creditors, including the

CALIFORNIA RECEIVERSHIP GROUP, PBC'S OPPOSITION TO MOTION FOR ORDER EXCUSING TURNOVER BY CUSTODIAN

California Receivership Group, PBC, because the creditors' security interest is diminishing in value, particularly when a property is demolished. Smith is an incompetent custodian, and the interests of all creditors would not be better served by permitting him to continue, so the Court should not excuse turnover under §543. The Debtors cannot be allowed to return to possession, but the only proper way to proceed is to hasten the Chapter 11 appointment hearing.

## II.  FACTUAL ERRORS IN MOTION

Smith makes several misleading and inconsistent statements in his Declaration in Support of the Motion to Excuse Turnover by Custodian ("Smith Declaration," Docket No. 41, December 14, 2017). First, in ¶ 4, he states that he has worked closely with the City of Eureka to identify code violations and their repair. This is false. The City has found Smith to be so incompetent that it has moved for his removal at least once, as offered in the Debtors' own Memorandum of Points and Authorities in Support of the Motion for Order Excusing Turnover by Custodian ("Memo of P&A," Docket No. 42, December 14, 2017).

Second, in ¶ 8, Smith states that he reports only to the court, but, again, that is misleading. In reality he submits his invoices directly to Squires, as stated by Squires in his Declaration in Support of Motion for Order Excusing Turnover by Custodian ("Squires Declaration," Docket No. 40, December 14, 2017). Although Smith has been appointed by the court as a receiver, he functions more like a monitor or relay service to the state court. Normally, a state court receiver obtains total control of a property, and is required by the court to remedy all code violations before returning the property to the owner or selling it. *See, City of Santa Monica v. Gonzalez*, 43 Cal. 4th 905, 930 (2008).[2]  Here, Smith must run everything past

---

[2] "As relevant here, section 17980.7 provides that, unless the court otherwise permits, the appointed receiver has the power and the duty to "take full and complete control of the substandard property" (*id.*, subd. (c)(4)(A)) and to take a number of actions, including managing the substandard building and paying taxes and expenses (*id.*, subd. (c)(4)(B)), dealing and contracting with a licensed contractor as necessary to correct the conditions cited in a notice of violation (*id.*, subd. (c)(4)(C), (D)), and collecting and using rents and income, or borrowing funds, to pay for the cost of necessary rehabilitation and repairs (*id.*, subd. (c)(4)(E), (F) & (G)).

-4-

CALIFORNIA RECEIVERSHIP GROUP, PBC'S OPPOSITION TO MOTION FOR
ORDER EXCUSING TURNOVER BY CUSTODIAN

the Debtors and has no authority to collect rents and pay creditors. By the Debtors' own admission, Smith is essentially powerless. Debtors' Memo of P&A, ¶ 1 ("However, there is a question as to whether the receiver was appointed 'of any property of the debtor.'").

Additionally, the Debtors cannot seem to figure out whether Smith is a health and safety receiver (he is not) or a receiver under Cal. Business and Professions Code § 17200 (he is). Squires states that Smith was appointed as a health and safety receiver and that he holds no money or property of the estate, but only regulatory and supervisory rights (which is antithetical to the duty of a health and safety receiver under Cal. H&S Code §17980.7). Squires Declaration, ¶¶ 2, 3, 4, 5, 6, 7. But the Memo of P&A states that Smith was appointed pursuant to the Cal. Business and Professions Code §17200 and that the court determined that a health and safety receiver was not required. While there is some question as to whether a California Health and Safety Code Receiver is a custodian under 11 U.S.C. 543 ([Matter of Kennise Diversified Corp. (Bankr. S.D.N.Y. 1983) 34 B.R. 237, 244–245] a Business and Professions Code receiver has to be because of the reason for appointment.

The real issue with the Debtors' "confusion" is that they are falsely claiming that the properties are being expertly managed by a court-appointed receiver, a claim which is intended to give this court confidence that the Debtors are complying with the health and safety code and generally operating with integrity. Again, this is simply not true. Smith has no real authority to do anything except talk with the City and make suggestions to the Debtors, to whom he must then submit a bill. This is a classic case of capture. The Debtors argue that Smith is preserving the properties, but the last few months prove otherwise. Nor is Smith paying creditors, because he does not have the authority to do so, and he cannot even pay himself with receivership estate funds. Smith cannot do his job, and so this Court need not play along that he should.

---

Section 17980.7 also empowers the receiver to sell the property or to take any other action respecting the property as the court may authorize. (*Id.*, subd. (c)(4)(H); Code Civ. Proc., §§ 568, 568.5)." None of that is used in the Jeff Smith appointment, because it was under the Business and Professions Code, not the Health and Safety Code like the two previous receiver appointments.

-5-

CALIFORNIA RECEIVERSHIP GROUP, PBC'S OPPOSITION TO MOTION FOR
ORDER EXCUSING TURNOVER BY CUSTODIAN

### III. REPORTING

In the event that the court does permit Smith to continue on – whether that is temporarily until the Chapter 11 Trustee motion can be heard, or indefinitely, he should be required to file monthly accountings, pursuant to 11 U.S.C. 543(b)(2), and as required by the California Rules of Court, rule 3.1182-83.

CALIFORNIA RECEIVERSHIP GROUP, PBC

Dated: December 20, 2017    ___/s/Mark S. Adams_____
                             Attorney at California Receivership Group, PBC

-6-
**CALIFORNIA RECEIVERSHIP GROUP, PBC'S OPPOSITION TO MOTION FOR ORDER EXCUSING TURNOVER BY CUSTODIAN**

## PROOF OF SERVICE
F.R.C.P. 5 / C.C.P. 1013a (3)/ Rules of Court, Rule 2060

I am a resident of, or employed in the County of Los Angeles, State of California. I am over the age of 18 years old and not a party to the within action. My business address is 2716 Ocean Park Blvd., Suite 3010, Santa Monica, California 90405.

On **December 20, 2017** I served the following listed document(s), by method indicated below, on the parties in this action: **California Receivership Group, PBC's Opposition to Motion for Order Excusing Turnover by Custodian**

### ***SEE ATTACHED SERVICE LIST***

☐ **BY U.S. MAIL**
By placing ☐ the original / X a true copy thereof enclosed in a sealed envelope(s), with postage prepaid, addressed as per the attached service list, for collection and mailings at the City of Burbank in Burbank, California following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of the document for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day in the ordinary course of business. I am aware that upon motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in this affidavit.

☐ **BY ELECTONIC SERVICE**
(via electronic filing service provider)
By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider, at www.fileandserve.lexisnexis.com pursuant to the Court's _____ Order mandating electronic service. See Cal.R.Ct.R. 2053, 2055, 2060. The transmission was reported as complete and without error.

X **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to received documents.

X **BY ELECTRONIC SERVICE**
(to individual person)
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. The transmission was reported as complete and without error. See Rules of Court, rule 2060.

☐ **BY PERSONAL SERVICE**
☐By personally delivering the document(s) listed above to the offices at the addressee(s) as shown on the attached service list.
☐By placing the document(s) listed above in a sealed envelope(s) and instructing a registered process server to personally deliver the envelope(s) to the offices at the address(es) set forth on the attached service list. The signed proof of service by the registered process server is attached.

☐ **BY FACSIMILE**
By transmitting the document(s) listed above from Mark Adams, Esq., facsimile (310) 471-8181to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made pursuant to agreement of the parties, confirmed in writing.

X STATE   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ FEDERAL   I declare under penalty of perjury under the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service is made.

Christmas Myers
Type or Print Name                          Signature

PROOF OF SERVICE

# SERVICE LIST

**Counsel for Debtor and Joint Debtor, Floyd E. Squires, III and Betty J. Squires**
David N. Chandler
LAW OFFICES OF DAVID N. CHANDLER
1747 4th Street
Santa Rosa, California 95404
Tel: (707) 528-4331
DChandler1747@yahoo.com

**Debtors**
Floyd E. Squires, III
Betty J. Squires
219 Fifth Street
Eureka, California 95501

**Counsel for U.S. Trustee**
Jared A. Day
Office of the United States Trustee
300 Booth Street, Suite 3009
Reno, Nevada 89509
Tel: (775) 784-5335
Fax: (775) 784-5531
jared.a.day@usdoj.gov

**Counsel for New Residential Mortgage Loan Trust 2017-6**
Theron S. Covey, Esq.
ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Bankruptcy Department
6409 Congress Ave., Suite 100
Boca Raton, Florida 33487
Tel: (561) 241-6901
Fax: (561) 997-6909
tcovey@rasflaw.com

**Counsel for JPMorgan Chase Bank**
Gilbert R. Yabes
ALDRIDGE PITE, LLP
4375 Jutland Drive, suite 200
P.O. Box 17933
San Diego, California 92177-0933
Tel: (858) 750-7600
Fax: (619) 590-1385
ecfcanb@aldridgepite.com

**Counsel for Bank of New York Mellon**
JaVonne M. Phillips, Esq.
Kelly M. Raftery
MCCARTHY & HOLTHUS, LLP
1770 Fourth Avenue
San Diego, California 92101
Tel: (877) 369-6122
Fax: (619) 685-4811
kraftery@mccarthyholthus.com

**Counsel for Synchrony Bank**
Valerie Smith
PRA RECEIVABLES MANAGEMENT, LLC
P.O. Box 41021
Norfolk, Virginia 23541
Tel: (877) 829-8298
Fax: (757) 351-3257
claims@recoverycorp.com

**Counsel for CIM Trust 2017-9**
Kelly M. Raftery, Esq.
McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101
Tel: (877) 369-6122
kraftery@mccarthyholthus.com

PROOF OF SERVICE

Case: 17-10828   Doc# 51   Filed: 12/20/17   Entered: 12/20/17 12:24:16   Page 8 of 8