CYNDY DAY-WILSON, CBN 135045
CITY ATTORNEY, EUREKA
531 K Street
Eureka, CA 95551
(707) 441-4147 Telephone
(707) 441-4148 Facsimile
cday-wilson@ci.eureka.ca.gov

Attorney for CITY OF EUREKA
Creditor and Real Party in Interest

FILED

DEC 2 6 2017

U.S. BANKRUPTCY COURT
SANTA ROSA, CA

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

In re:

Floyd E. Squires III and Betty J. Squires,

Debtors.

Case No. 17-10828 WJL 11

**DECLARATION OF CODE ENFORCEMENT OFFICER MATTHEW MORGAN IN SUPPORT OF MOTION TO APPOINT CHAPTER 11 TRUSTEE**

Filed concurrently with:
1. Notice of Motion to Appoint Chapter 11 Trustee.
2. Memorandum of Points and Authorities
3. Declaration of Deputy Director Issa.
4. Declaration of Chief Building Official Gerving.
5. Declaration of Attorney Day-Wilson
6. Request for Judicial Notice Pursuant to Federal Rules of Evidence – Rule 201
7. Appendix of Exhibits.
8. Proposed Order.

DATE: February 1, 2018
TIME: 9:00 a.m.
JUDGE: William J. Lafferty III
LOCATION: U.S. Courthouse
3140 Boeing Avenue
McKinleyville, CA 95519

1

DECLARATION OF CODE ENFORCEMENT OFFICER MATTHEW MORGAN IN SUPPORT OF MOTION TO APPOINT CHAPTER 11 TRUSTEE

# DECLARATION OF CODE ENFORCEMENT OFFICER MATTHEW MORGAN IN SUPPORT OF MOTION TO APPOINT CHAPTER 11 TRUSTEE

I, Matthew Morgan, declare as follows:

1. I am currently employed as the Code Enforcement Officer with the City of Eureka ("City"). I have been employed as a Code Enforcement Officer with the City at all times relevant to this Declaration.

2. My general responsibilities for the City include receiving information and investigating complaints, inspecting residential and commercial buildings, structures, and properties throughout the City, and enforcing State housing laws, the California Health and Safety Code ("H&S"), the California Building Standards Code ("CBSC"), local building codes, the Eureka Municipal Code ("EMC"), the Uniform Housing Code ("UHC") and the Uniform Code for the Abatement of Dangerous Buildings ("UCADB") along with the various uniform codes adopted by the City. I have received training on municipal codes, code enforcement and inspections, and am readily familiar with the H&S, the CBSC, the EMC, the UHC, the UCADB, other State and local laws. I have been employed by the City since August 2016 and have inspected numerous properties within the City for compliance with the law.

3. I am one of the inspectors assigned to handle the parcels of real property owned by Floyd and Betty Squires ("Owners") identified as: 609 Summer Street, Assessor's Parcel Number ("APN") 001-042-012-000; 119 West 6th Street; 607 Summer Street, APN 001-042-013-000; 202 3rd Street; 315 C. Street, APN 001-066-001-000; 216 3rd Street, APN 001-066-002-000; 218 3rd Street, APN 001-066-003-000; 205 4th Street; 317 C Street; 325 C Street, APN 001-066-007-000; 117–119 5th Street, APN 001-071-004-000; 211-219 5th Street, APN 001-103-004-000; 1637 3rd Street, APN 002-063-005-000; 2325 2nd Street, APN 002-123-004-000; 1410 Union Street, APN 004-033-003-000; 1233 A Street, APN 004-112-008-000; 241 Wabash Avenue, APN 004-196-007-000; 1803 C Street, APN 004-203-001-000; 833 H Street, APN 005-012-005-000; 705 15th Street, APN 005-042-008-000; 1623 to 1625 G Street, APN 005-053-006-000; 1635 G Street, APN 005-053-007-000; 1925 H Street, APN 005-075-009-000; 1429

2

DECLARATION OF CODE ENFORCEMENT OFFICER MATTHEW MORGAN IN SUPPORT OF MOTION TO APPOINT CHAPTER 11 TRUSTEE

Case: 17-10828    Doc# 62    Filed: 12/26/17    Entered: 12/26/17 10:38:39    Page 2 of 10

and 1429 ½ Sunny Avenue, APN 006-191-015-000; 2245 Broadway, APN 008-011-007-000; 2235 Broadway, APN 008-011-010-000; 204 Hawthorne Street, APN 009-122-005-000; 2941 California Street, 2969 California Street, APN 010-061-010-000; 2927 California Street, APN 010-061-011-000; 2535 L Street, APN 011-153-005-000; 2445 Russ Street, APN 013-171-010-000 ("Nuisance Properties"). I have been personally involved with the City's code enforcement efforts involving the Nuisance Properties and I have reviewed the City's records regarding the Nuisance Properties. If called to do so, I could and would competently testify to these facts stated in this declaration.

4. I am aware that the Court appointed Jeffrey Smith ("Current Receiver") as a court receiver for the Nuisance Properties in 2013—upon the City's request—to ensure that the Owners remedied the violations of law present upon them.

5. This August of 2017, the City obtained inspection warrants for 10 of the Nuisance Properties and conducted inspections of them on August 8-9, 2017. Those properties were: 117/119 5th Street; 1623/1625 G Street; 211-219 5th Street; 216 3rd Street; 218-220 3rd Street; 2235 and 2245 Broadway; 2941 California Street; 2969 California Street, 609 Summer Street; and 833 H Street. The City found substantially dangerous violations of law present upon each of them.

6. Due to the time and costs for the City to inspect all of the 27 Nuisance Properties via inspection warrant, including staff time and resources needed to obtain the warrants and execute them, the City did not obtain abatement warrants to inspect the remaining Nuisance Properties. However, this Fall, I was able to observe and inspect from the public rights-of-way the exterior of the vast majority of the Nuisance Properties that were not inspected in August via inspection warrant, and on some occasions, was given consent to enter to inspect their interiors as well.

7. Specifically, I was able to inspect: 119 West 6th Street and 607 Summer Street; 202 3rd Street and 315 C Street; 204 Hawthorne Street; 205 4th Street, 317 C Street, and 325 C Street; 241 Wabash; 705 15th Street; 1233 A Street; 1410 Union; 1803 C Street; 1925 H Street; 2325 2nd Street; 2445 Russ Street; and 2535 L Street. Attached as Exhibit J to the concurrently filed Appendix of Exhibits are true and correct copies of photographs I took of the Nuisance

3

DECLARATION OF CODE ENFORCEMENT OFFICER MATTHEW MORGAN IN SUPPORT OF MOTION TO APPOINT CHAPTER 11 TRUSTEE

Case: 17-10828    Doc# 62    Filed: 12/26/17    Entered: 12/27/17 10:38:39    Page 3 of 10

Properties referenced above that I inspected in late September 2017 and early October 2017 and discuss below.

    8. On September 26, 2017, I conducted an exterior inspection and an inspection of the common areas such as hallways and main stairs of 119 West 6th Street and 607 Summer Street and observed hazardous and unsanitary conditions and believe there are likely further hazardous and unsanitary conditions which I could not readily observe. I observed the following substantially dangerous violations of law:

    a. Deteriorated flooring. (H&S, § 17920.3(B)(2); EMC, § 150.162(B)(2).)

    b. Graffiti. (H&S, § 17920.3(C); EMC, § 131.12.)

    c. Hazardous electrical wiring. Exposed wires. (H&S, § 17920.3(D); EMC, § 150.162(D).)

    d. General dilapidation or improper maintenance. Broken and missing trim and cracked, water-damaged plaster. (H&S, § 17920.3(A)(14); EMC, § 150.162(A)(12).)

    e. Extensive water damage to ceiling. (H&S, § 17920.3(B)(6); EMC, § 150.162(B)(6).)

    f. Extensive water damage to walls. (H&S, § 17920.3(B)(4); EMC, § 150.162(B)(4).)

    g. Visible mold growth on walls. (H&S, § 17920.3(A)(13).)

    h. Ineffective waterproofing. Broken windows. (H&S, § 17920.3(G)(2); EMC, § 150.162(G)(2).)

    i. Accumulation of trash and debris. Hallway obstructed by personal belongings. (H&S, § 17920.3(J), EMC, § 150.162(J).)

    j. Exterior. Ineffective waterproofing. Missing trim. (H&S, § 17920.3(G)(2); EMC, § 150.162(G)(2).)

    9. On September 26, 2017, I conducted an inspection of 202 3rd Street and 315 C Street from the public right-of-way and observed many hazardous and unsanitary conditions and believe there are likely further hazardous and unsanitary conditions which were not readily

observable, particularly located in the interior, which I could not view. The properties were boarded up and were in a state of dilapidation. I observed the following substantially dangerous violations of law:

   a. Ineffective waterproofing. Broken windows and doors. (H&S, § 17920.3(G)(2); EMC, § 150.162(G)(2).)
   b. General dilapidation or improper maintenance. Broken windows, broken doors, peeling paint, and holes in siding. (H&S, § 17920.3(A)(14); EMC, § 150.162(A)(12).)
   c. Unsanitary conditions. Accumulation of trash, debris and rubbish. (H&S, § 17920.3(J); EMC, § 150.163(E).)

10. On October 6, 2017, I conducted an inspection of 204 Hawthorne Street from the public right-of-way and observed hazardous and unsanitary conditions and believe there are likely further hazardous and unsanitary conditions which were not readily observable, particularly located in the interior, which I could not view. I observed the following violations of law:

   a. General dilapidation or improper maintenance. Missing rain gutter, missing roofing on porch overhang, and missing skirting. (H&S, § 17920.3(A)(14); EMC, § 150.162(A)(12).)
   b. Graffiti. (H&S, § 17920.3(C); EMC, § 131.12.)
   c. Unsanitary conditions. Accumulation of trash, debris, and rubbish. (H&S, § 17920.3(J); EMC, § 150.163(E).).

11. On September 25, 2017, I conducted an inspection of 205 4th Street, 317 C Street, and 325 C Street from the public right-of-way and observed hazardous and unsanitary conditions and believe there are likely further hazardous and unsanitary conditions which were not readily observable, particularly located in the interior, which I could not view. I observed the following violations of law:

   a. Ineffective waterproofing. Broken windows. (H&S, § 17920.3(G)(2); EMC, § 150.162(G)(2).)

b. General dilapidation or improper maintenance. Cracked plaster, peeling paint, cracked plaster, chain-link-covered windows, and holes in siding. (H&S, § 17920.3(A)(14); EMC, § 150.162(A)(12).)

12. On September 26, 2017, I conducted an inspection of 241 Wabash Avenue from the public right-of-way and observed hazardous and unsanitary conditions and believe there are likely further hazardous and unsanitary conditions which were not readily observable, particularly located in the interior, which I could not view. I observed the following violations of law:

   a. Overgrown vegetation. (H&S, § 17920.3(C); EMC, § 150.163(G).)

   b. General dilapidation or improper maintenance. Peeling paint. (H&S, § 17920.3(A)(14); EMC, § 150.162(A)(12).)

13. On September 26, 2017, I conducted an inspection of 705 15th Street from the public right-of-way and observed hazardous and unsanitary conditions and believe there are likely further hazardous and unsanitary conditions which were not readily observable, particularly located in the interior, which I could not view. I observed the following violations of law:

   a. Overgrown vegetation. (H&S, § 17920.3(C); EMC, § 150.163(G).)

   b. Lack of landscaping. (H&S, § 17920.3(C); EMC, § 150.163(G).)

   c. General dilapidation or improper maintenance. Dilapidated front steps and peeling paint. (H&S, § 17920.3(A)(14); EMC, § 150.162(A)(12).)

14. On September 22, 2017, I conducted an inspection of 1233 A Street from the public right-of-way and observed hazardous and unsanitary conditions and believe there are likely further hazardous and unsanitary conditions which were not readily observable, particularly located in the interior, which I could not view. I observed the following violations of law:

   a. General dilapidation or improper maintenance. Damaged roof fascia, peeling paint, and damaged fencing. (H&S, § 17920.3(A)(14); EMC, § 150.162(A)(12).)

   b. Overgrown vegetation. (H&S, § 17920.3(C); EMC, § 150.163(G).)

15. On September 22, 2017, I conducted an inspection of 1410 Union Street from the public right-of-way and observed hazardous and unsanitary conditions and believe there are

likely further hazardous and unsanitary conditions which were not readily observable, particularly located in the interior, which I could not view. I observed the following violations of law:

    a. Unsanitary conditions. Accumulation of trash, debris and rubbish. (H&S, § 17920.3(J); EMC, § 150.163(E).).

    b. Overgrown vegetation. (H&S, § 17920.3(C); EMC, § 150.163(G).)

    c. Unsanitary conditions. Accumulation of vehicles and vehicle parts. (H&S, § 17920.3(C); EMC, § 150.163(E).)

    d. General dilapidation or improper maintenance. Damaged steps, peeling paint, and damaged fencing. (H&S, § 17920.3(A)(14); EMC, § 150.162(A)(12).)

16. On October 6, 2017, I conducted an inspection of 1803 C Street from the public right-of-way and observed hazardous and unsanitary conditions and believe there are likely further hazardous and unsanitary conditions which were not readily observable, particularly located in the interior, which I could not view. I observed the following violations of law:

    e. General dilapidation or improper maintenance. Damaged fencing, peeling paint, damaged wooden siding, and dilapidated staircase. (H&S, § 17920.3(A)(14); EMC, § 150.162(A)(12).)

    f. Ineffective waterproofing. Broken door. (H&S, § 17920.3(G)(2); EMC, § 150.162(G)(2).)

    g. Graffiti. (H&S, § 17920.3(C); EMC, § 131.12.)

    h. Dead vegetation and lack of landscaping. (H&S, § 17920.3(C); EMC, § 150.162(A)(12).)

    i. Hazardous electrical. Tangled and exposed exterior wiring. (H&S, § 17920.3(D); EMC, § 150.162(D).)

17. On October 6, 2017, I conducted an inspection of 1925 H Street from the public right-of-way and observed hazardous and unsanitary conditions and believe there are likely further hazardous and unsanitary conditions which were not readily observable, particularly located in the interior, which I could not view. I observed the following violations of law:

a. Dead vegetation and lack of landscaping. (H&S, § 17920.3(C); EMC, § 150.162(A)(12).)

18. On September 25, 2017, I conducted an inspection of 2325 2nd Street from the public right-of-way and observed a number of hazardous and unsanitary conditions and believe there are likely further hazardous and unsanitary conditions which were not readily observable, particularly located in the interior, which I could not view. I observed the following violations of law:

       a. General dilapidation or improper maintenance. Damaged fencing, peeling paint and damaged wooden siding. (H&S, § 17920.3(A)(14); EMC, § 150.162(A)(12).)

       b. Unsanitary conditions. Accumulation of trash, debris and rubbish. (H&S, § 17920.3(J); EMC, § 150.163(E).).

       c. Overgrown vegetation. (H&S, § 17920.3(C); EMC, § 150.163(G).)

19. On September 22, 2017, I conducted an inspection of 2445 Russ Street from the public right-of-way and observed hazardous and unsanitary conditions and believe there are likely further hazardous and unsanitary conditions which were not readily observable, particularly located in the interior, which I could not view. The property is surrounded by a high fence, so much of it I was unable to view. I observed the following violations of law:

       a. Overgrown vegetation. (H&S, § 17920.3(C); EMC, § 150.163(G).)

       b. General dilapidation or improper maintenance. Peeling paint and damaged wooden fence. (H&S, § 17920.3(A)(14); EMC, § 150.162(A)(12).)

20. On September 22, 2017, I conducted an inspection of 2535 L Street from the public right-of-way and observed hazardous and unsanitary conditions and believe there are likely further hazardous and unsanitary conditions which were not readily observable, particularly located in the interior, which I could not view. I observed the following violations of law:

       a. Overgrown vegetation. (H&S, § 17920.3(C); EMC, § 150.163(G).)

       b. Accumulation of junk and debris. (H&S, § 17920.3(J); EMC, § 150.163(E).).

   c. Dead vegetation and lack of landscaping. (H&S, § 17920.3(C); EMC, § 150.162(A)(12).)

21. Although I also attempted to inspect 1429 and 1429 ½ Sunny Avenue from public rights-of-way during September and October of 2017 along with the above Nuisance Properties, I was unable to view the properties since they are not visible at all from the street due to a locked gate and high vegetation. Given the historical hazardous and unsafe conditions on these properties leading it to be in the current receivership, and the poor condition of the majority of the Nuisance Properties, I have reason to suspect that the 1429 and 1429 ½ Sunny Avenue Nuisance Property also contains violations of law.

22. I also attempted to inspect 2927 California Street from public rights-of-way during September and October of 2017, but was unable to because it appears to be just an underlying lot upon which the 2941 and 2969 California Street Nuisance Properties sit (it just has a separate APN). Being that it appears to be the lot hosting the 2941 and 2969 California Street Nuisance Properties, including their structures, then at minimum the 2927 California Street Nuisance Property is as substantially dangerous as the 2941 and 2969 California Street Nuisance Properties as identified in the August 2017 inspections—the same dangers plaguing those Nuisance Properties necessarily plague and impact the lot upon which they sit.

23. In June of 2017, I also conducted an inspection of 1637 3rd Street from the public right-of-way and observed hazardous and unsanitary conditions and believe there are likely further hazardous and unsanitary conditions which were not readily observable, particularly located in the interior, which I could not view. I observed the following violations of law:

   a. Overgrown vegetation. (H&S, § 17920.3(C); EMC, § 150.163(G).)

   b. General dilapidation or improper maintenance. Damaged fencing and peeling paint. (H&S, § 17920.3(A)(14); EMC, § 150.162(A)(12).)

Attached as Exhibit K to the concurrently filed Appendix of Exhibits are true and correct copies of photographs I took of 1637 3rd Street in June of 2017.

24. Given the above conditions, and from my personal observations and knowledge of the Nuisance Properties, I have reason to believe that further violations of law exist, which are

not readily observable, including dangerous hazards relating to electrical wiring, plumbing, and dilapidation.

25. The Nuisance Properties have a long history of deplorable health and safety violations of law, and the violations have not been cured despite being in a receivership for many years. The receivership, and receiver in charge of the Nuisance Properties, have not proven effective at remedying the Nuisance Properties given the Nuisance Properties' consistent hazardous state. A new receiver is needed to ensure repairs are actually made and that the Nuisance Properties are maintained safe—the health and safety of the community depend on this.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: December 21, 2017

Matthew Morgan
Code Enforcement Officer
City of Eureka