MICHAEL A. SWEET (Bar No. 184345)
msweet@foxrothschild.com
JACK PRAETZELLIS (Bar No. 267765)
jpraetzellis@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104-2670
Telephone:    415.364.5540
Facsimile:    415.391.4436

Attorneys for CITY OF EUREKA
Creditor and Real Party in Interest

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No. 17-10828 WJL 11 |
| FLOYD E. SQUIRES III AND BETTY J. SQUIRES, | Chapter 11 |
| Debtors. | **OBJECTION TO APPLICATION TO EMPLOY BRADFORD C. FLOYD AS SPECIAL COUNSEL TO DEBTOR** |
| | Judge:  Hon. William Lafferty |

## I.  THE APPLICATION SHOULD BE DENIED

The Application to Employ Bradford C. Floyd as Special Counsel (the "Application") [Dkt. No. 81] should be denied.  Mr. Floyd is both a (purported) secured creditor and a very large unsecured creditor of the Estate.  He therefore cannot be appointed to represent the Estate under Section 327 of the Bankruptcy Code.  He is ineligible under both Section 327(a) and Section 327(c), a point the Application fails to adequately address.

The Debtors seek to employ Mr. Floyd to represent the Estate in ongoing state court litigation between the City of Eureka (the "City") and the Debtors concerning the deplorable state of their real properties in Eureka, *City of Eureka, et al. v. Floyd Squires, et al.* – DR110040 (the "State Action").  [See generally Dkt. No. 62 (describing the state of the real property).]  The State Action primarily involves the City's ongoing efforts to obtain remediation of the innumerable and ongoing violations of health, safety, and public nuisance statutes and

regulations at the Debtors' properties.[1]

### A. Floyd Does Not Qualify as a Disinterested Person under the Bankruptcy Code and Therefore Cannot Be Employed <u>under Bankruptcy Code Section 327(a).</u>

Mr. Floyd plainly could not be employed as an attorney for the Estate in the capacity of general bankruptcy counsel. Section 327(a) of the Bankruptcy Code requires that such a general counsel be a "disinterested person" as defined by the Code. A "disinterested person" must not be a creditor in the case. Bankruptcy Code § 101(14)(A).

Mr. Floyd is a creditor. In his affidavit[2] in support of the Application at paragraph 2, he states that he holds two deeds of trust on property of the Estate, and that he has an unsecured claim against the Estate in excess of half a million dollars. The Debtors, while indicating a lower unsecured claim, list Mr. Floyd on Form B104 as the largest unsecured creditor in the case. [Dkt. No. 3.]

A creditor is, by definition, not a "disinterested party" under 11 U.S.C. § 101(14). Judge Montali has highlighted the prohibition on employment of creditors as general counsel in a bankruptcy case this way:

> In *In re Siliconix*, 135 B.R. 378 (N.D.Cal.1991), the district court held that professional persons who are creditors of the debtor are not disinterested and thus cannot be employed under 11 U.S.C. section 327(a). That case has long been the rule in this district, and all counsel practicing bankruptcy law here are expected to know of it.

*In re Gira Polli of Mill Valley,* 2014 WL 6609610, at *2 (Bankr. N.D. Cal.); *In re Siliconix, Inc.* 135 B.R. 378, 380 (N.D. Cal. 1991).

Mr. Floyd, having in paragraph 2 of his affidavit asserted that he is both a secured and unsecured creditor of this Estate for large sums, then in paragraph 4 impossibly asserts he is "a disinterested person within the meaning of Sections 101(14) and 327 of the Bankruptcy Code." By definition, Creditor Mr. Floyd is not a "disinterested person."

---

[1] Although not necessarily pertinent to the issues raised by the Application, the State Action is an exercise of the City's police and regulatory powers that is not stayed by the filing of this bankruptcy case. Bankruptcy Code § 362(b)(4) (police and regulatory exception to automatic stay).

[2] The affidavit is formally defective, and Eureka objects to its consideration. It is neither sworn before a notary, nor declared under penalty of perjury as required by 28 U.S.C. § 1746.

Similarly, the assertion of Debtors' counsel in paragraph 12 of the Application that the Floyd Law Firm, and its partners (thus including Mr. Floyd), is disinterested within the meaning of Section 327 and "Section 104(13)" [*sic*] is simply inexplicable. As a creditor, with a large secured and unsecured claims, Mr. Floyd and his law firm, are precisely not "disinterested person[s]." And, as a result Mr. Floyd and his law firm are absolutely disqualified from representing the Estate under Code Section 327(a).

### B.     The Estate Cannot Employ Mr. Floyd (or His Law Firm) under Bankruptcy Code Section 327(c) Either

The Application apparently seeks Mr. Floyd's employment as special counsel for particular litigation, without referencing Bankruptcy Code § 327(c) as the authority for such an appointment. The lack of reference to Section 327(c) is telling. Section 327(c) would, in appropriate circumstances – not present here – permit the Estate to employ an attorney even if the attorney is also employed by or represents "a creditor" unless a party in interest objects and "there is an actual conflict of interest." *Id*. Plainly the Bankruptcy Code § 327(c) exception does not support Mr. Floyd's Application for employment. He is not employed by or representing a creditor. So Mr. Floyd does not come within the terms of Section 327(c).

Moreover, there is an actual conflict.

First, rather than being "employed by" or "represent[ing] a creditor" in the Bankruptcy Case, Mr. Floyd is a creditor, and a very large one at that. Mr. Floyd's half million dollar asserted unsecured claim puts him in actual conflict and competition with all other unsecured creditors for distribution on his claim.

Second, Mr. Floyd has deeds of trust on properties that are part of the State Action. As such, he has inherent actual conflicts of interest with the Estate. The Estate has an interest in testing, and perhaps avoiding, the deeds of trust that Mr. Floyd asserts that he holds on Estate properties. Mr. Floyd has an interest in defending the secured status of those claims, to the detriment of all other creditors, secured and unsecured in the case.

Third, it is presently unknown (and Mr. Floyd has made no representation one way or the other) whether the Estate made any avoidable prepetition payments to Mr. Floyd for his defense of the State Action. Of course, recoverable preferences would put Mr. Floyd adverse to the

1    Debtor in yet another context.

2         The case law is well settled that actual conflicts of interest would be disqualifying from

3    employment by the Estate even as special litigation counsel, if the attorney sought to be

4    employed were merely employed by or representing a creditor.  *See, e.g.*, *In re Hummer Transp.,*

5    *Inc.*, 2013 Bankr. LEXIS 5587, at *10-11; 2013 WL 8013588 (Bankr. E.D. Cal. 2013), *aff'd*,

6    2014 U.S. Dist. LEXIS 13186; 2014 WL 412534 (E.D. Cal. 2014); *Byrd v. Johnson*, 467 B.R.

7    832, 848-49 (D. MD. 2012), *aff'd*, 484 Fed. Appx. 845 (4th Cir. 2012).  Debtors' counsel cites no

8    authority that would permit employment of an actual creditor, with inherent conflicts of interest

9    with the estate, as special litigation counsel for an estate.

10        Accordingly, the Application for Mr. Floyd's employment as special counsel must be

11   denied.

12                                                   Respectfully submitted,
     Dated:  January 24, 2018
13                                                   FOX ROTHSCHILD LLP

14

15                                                   */s/Michael A. Sweet*
                                                     By: Michael A. Sweet
16                                                   Attorneys for CITY OF EUREKA
                                                     Creditor and Real Party in Interest

17

18

19

20

21

22

23

24

25

26

27

28