1  MARK S. ADAMS, SB#68300
   ANDREW F. ADAMS, SB#275109
2  California Receivership Group, PBC
   2716 Ocean Park Boulevard, Suite 3010
3  Santa Monica, CA 90405
   Tel.: (310) 471-8181
4  Fax: (310) 471-8180
   madams@calreceivers.com
5  Court-Appointed Receiver

6

7                    **IN THE UNITED STATES BANKRUPTCY COURT**

8                       **NORTHERN DISTRICT OF CALIFORNIA**

9                              **SANTA ROSA DIVISION**

10  | IN RE: | Case No: 17-10828 WJL |
11  | | |
12  | FLOYD E. SQUIRES, III and | Chapter 11 |
    | BETTY J. SQUIRES, | |
13  | | **MARK S. ADAMS AND CALIFORNIA** |
    |               Debtors. | **RECEIVERSHIP GROUP, PBC'S** |
14  | | **OPPOSITION TO EX-PARTE** |
    | | **APPLICATION TO EMPLOY SPECIAL** |
15  | | **COUNSEL BRADFORD C. FLOYD** |
16  | | |
    | | <u>No Hearing Scheduled</u> |
17  | | |
18

19

20                              **I. INTRODUCTION**

21         Mark S. Adams and California Receivership Group are creditors in this matter, based on

22  a February 21, 2017 Humboldt Superior Court order directing Debtors Floyd and Betty Squires

23  (among other Squires entities) to pay $158,107.36 for fees and costs incurred in the prior

24  appointments as receiver in *City of Eureka v. Squires* - DR110040 ("Action"), and for legal fees

25  in defending against a tort suit that went to trial in 2016. That Order was not appealed, nor has

26  any effort been made to pay it. Mr. Adams hereby submits his Objection ("Objection") to

27

                                            1
        MARK S. ADAMS AND CALIFORNIA RECEIVERSHIP GROUP, PBC'S OPPOSITION TO
        EX-PARTE APPLICATION TO EMPLOY SPECIAL COUNSEL BRADFORD C. FLOYD

Debtors' Ex Parte Application to Employ Bradford C. Floyd as Special Litigation Counsel ("Application," Docket No. 81, Jan. 18, 2018).

The Application is subject to this Court's review under 11 U.S.C. § 327. Section 327(a) provides, "[e]xcept as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." This applies equally to trustees and a debtor in possession. *In re Shirley*, 134 B.R. 940, 943 (B.A.P. 9th Cir. 1992). Further, the term "disinterested person" is defined as a person that "is not a creditor." 11 U.S.C. § 101(14)(A). A disinterested person "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14)(C). The appropriate standards are not met here, thus this Court has to deny the request.

## II. BRAD FLOYD IS NOT DISINTERESTED

Adams and CRG object to the approval of Bradford C. Floyd as special counsel because Mr. Floyd is not disinterested and has a clear conflict of interest with the Debtors per 11 U.S.C. § 101(14)(A). Further, his involvement in the state court action has done nothing but cause delays, burden the other parties and prevent final resolution of the issues presented there. Below are some of the most pressing and apparent issues based on the Application.

An Application like the one at issue here is to be granted or denied in the exercise of the court's sound discretion. Collier on Bankruptcy ¶ 327.04 (16th Ed. 2010). "It is for the court to decide whether the attorney's proposed interest carries with it a sufficient threat of material adversity to warrant prophylactic action (say, disqualification or disgorgement or invalidation of a lien). Sincerity or protestations of good faith, no matter how genuine, will not be enough. The

2

test must be more an objective one. The question is not necessarily whether a conflict exists--although an actual conflict of any degree of seriousness will obviously present a towering obstacle--but whether a potential conflict, or the perception of one, renders the lawyer's interest materially adverse to the estate or the creditors." *In re Martin*, 817 F.2d 175, 182 (1st Cir. 1987). "Usually, professionals with a potential conflict of interest are not approved for employment." *In re Roper & Twardowsky, LLC*, 566 B.R. 734, 755 (Bankr. D.N.J. 2017).

First, the Debtors and Mr. Floyd cannot even agree on how much they owe him. And the discrepancy is not inconsequential. Debtors claim Mr. Floyd is a creditor in the amount of $135,000.00, but he states that the amount is $851,475.00, *over six times the amount they claim.* The Debtors listed Mr. Floyd as a secured creditor in their Schedule D ("Summary of Assets and Liabilities," Docket No. 24, Dec. 1, 2017 at 32). Mr. Floyd is listed as a creditor in the amount of $10,000.00, secured by a real property located at 1429 Sunny Ave., Eureka, CA 95501. Mr. Floyd is also listed as a creditor in the amount of $125,000.00, secured by real property located at 2535 L St., Eureka, CA 95501.[1] According to their schedules, filed under penalty of perjury, the Debtors claimed that they owed him a total of $135,000.00.

By contrast, in Mr. Floyd's declaration, attached to the Application, also signed under penalty of perjury, he states that he is "the beneficiary of two Deeds of Trust describing property of the estate...[that] secure a balance of approximately $335,000." Application at 3-4, ¶ 2. Why did the Debtors list the amount as $135,000 and Mr. Floyd list the amount as $335,000? Both cannot be true.

In an even more outrageous omission, the Debtors simply do not list Mr. Floyd at all as an unsecured creditor in their Summary of Assets and Liabilities, yet in Mr. Floyd's attached declaration, he states that they owe him a whopping $516,475.00 in unpaid fees and expenses

---

[1] In the Debtor's initial filing of their schedules, they listed Bradford Floyd as an unsecured creditor in the amount of $125,000 ("List of Creditors Who Have the 20 Largest Unsecured Claims Against You and Are Not Insiders," Docket No. 3, Nov. 8, 2017). Apparently someone convinced the Debtors to list Mr. Floyd's claim as being secured, because that's how it was listed in the revised schedules on Dec. 1, 2017 ("Summary of Assets and Liabilities," Docket No. 24, Dec. 1, 2017 at 32).

MARK S. ADAMS AND CALIFORNIA RECEIVERSHIP GROUP, PBC'S OPPOSITION TO EX-PARTE APPLICATION TO EMPLOY SPECIAL COUNSEL BRADFORD C. FLOYD

relating to the litigation with the City of Eureka. Application/Declaration at 4, ¶ 2. He further states that he is "clear that Mr. Chandler will handle all matters associated with such claims and interests on behalf of the Debtors and the estate which relate to me." *Id.* One can only speculate as to why Mr. Floyd trusts that he will be paid fairly in bankruptcy when he has not been paid up until now. And these screens or separations that would separate out what Mr. Floyd and Mr. Chandler respectively handle are not even hinted at. The Court is just asked to trust the Debtor and Mr. Floyd to do what is right.

It is disingenuous, at best, for the Debtors to claim that Mr. Floyd "does not have any connection with the Debtors, their creditors, or any other party in interest" when they list Mr. Floyd himself as a creditor – and such a large one. Application at 3, ¶ 11. It is equally disingenuous for Mr. Floyd to state the same. Application/Declaration at 4, ¶ 3. If Mr. Floyd cannot settle what he is owed, or there is some dispute with Debtors, then how can he be expected to act with the bankruptcy estate's interests in mind?[2]

There is no dispute that Mr. Floyd is a creditor in the case, and that alone prevents him from qualifying as a disinterested person under §101(14). Not only is Mr. Floyd not a disinterested person, Mr. Floyd also holds an interest that is adverse to the estate. "An 'adverse interest… is usually defined to mean 'any economic interest that would tend to lessen the value of the bankruptcy or that would create either an actual or potential dispute in which the estate is a rival claimant.'" *In re Roper & Twardowsky, LLC*, 566 B.R. at 754–55. (*citing In re eToys, Inc.*, 331 B.R. 176, 189 (Bankr. D. Del. 2005).

Presumably Mr. Floyd wishes to be paid the $851,475.00 he claims he is owed by the Debtors, ideally with interest. And presumably Mr. Chandler will attempt to negotiate payoffs to creditors that are less than the full amount claimed or do the same in the chapter 11 plan. If Mr.

---

[2] This is particularly relevant in light of the extensive discussions regarding fiduciary duties owed by the various counsel, and who understands the relevant roles here. Mr. Chandler is an experienced attorney in this Court and certainly in this field. This Court has faith in him to act appropriately and not confuse his obligations here. However, Mr. Floyd has no such track record, and in fact his work in the state court proceedings shows the opposite.

MARK S. ADAMS AND CALIFORNIA RECEIVERSHIP GROUP, PBC'S OPPOSITION TO EX-PARTE APPLICATION TO EMPLOY SPECIAL COUNSEL BRADFORD C. FLOYD

Floyd's claims were to be paid in full, it certainly "would tend to lessen the value of the bankruptcy" or "would create either an actual or potential dispute in which the estate is a rival claimant." Therefore Mr. Floyd cannot be employed under § 327(a).

### III. MR. FLOYD MAY NOT BE EMPLOYED AS SPECIAL COUNSEL

Section 327(e) provides that the trustee (or debtor in possession) may employ an attorney that has represented the debtor, for a special purpose: (A) "if in the best interest of the estate;" *and* (B) "if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. 327(e) (emphasis added). Section 327(c) provides that the court "shall disapprove" employment of a person who was employed by or represented a creditor, if: (A) there is an objection by another creditor; and (B) there is an actual conflict of interest.

Here, Mr. Floyd *himself* is the creditor, and he is "employing" or "representing" himself, and Mr. Adams is "another creditor" making an objection. The phrase "actual conflict of interest" is defined on a case-by-case basis using the specific facts of the case. *In re Roper & Twardowsky, LLC*, 566 B.R. at 754–55. The specific facts here show that the Debtors have reported to the court in their schedules that they owe Mr. Floyd $135,000.00, but Mr. Floyd swears in his declaration that the Debtors own him $851,475.00. This is certainly a conflict of interest. Therefore, Mr. Floyd must be disapproved by the court under §327(c).

The court in *In re Running Horse, L.L.C.*, 371 B.R. 446 (Bankr. E.D. Cal. 2007) explained:

> The language of § 327(e) sets up a three-prong test for the employment of special counsel. First, the employment may only be authorized for a "specified special purpose" other than "conducting the case." The "special purpose" must be unrelated to the debtor's reorganization and must be "explicitly defined or described in the application seeking approval of the attorney's employment." 3 Collier on Bankruptcy (15th Ed. Rev.) ¶ 327.04[9][d] (2006).
> The second and third prongs of the "special counsel" test are dependent upon the first. Once the purpose for special counsel's employment is adequately and

5

MARK S. ADAMS AND CALIFORNIA RECEIVERSHIP GROUP, PBC'S OPPOSITION TO EX-PARTE APPLICATION TO EMPLOY SPECIAL COUNSEL BRADFORD C. FLOYD

specifically defined, then the debtor must show that the proposed attorney or law firm "does not represent or hold any interest adverse to the debtor or to the estate" with respect to the specified purpose of the proposed employment. The Debtor must also show that the employment of special counsel for a specified purpose is in the "best interest of the estate."

*Id.* at 451.

It would hardly be in the best interest of the estate to employ Mr. Floyd as special counsel in the bankruptcy. "In the best interest of the estate" means "property of the estate is threatened and the need for services is real. Employment cannot be based on some 'hypothetical or speculative benefit.'" *In re Roper & Twardowsky, LLC*, 566 B.R. at 752. Here, although the Debtors' properties are subject to a receivership action in the state court, that action has been automatically stayed by the bankruptcy, and there has been no relief from stay motion filed by the City of Eureka to litigate in a non-bankruptcy forum. Indeed, the City is trying to resolve the multitude of problems with the Debtors' properties within the framework of the bankruptcy. Therefore, at this time, the property of the estate is not "threatened," and the "need for services" is not "real." As has been stated dozens of times, the mediation and Trustee appointment motion are the operative factors, not any cross-over of issues with the state court.

Moreover, even if the need for services was real, Mr. Floyd would be the last attorney the Debtors should hire, if they were truly interested in the "best interest of the estate." The Debtors argue that Mr. Floyd has knowledge of the receivership action, but that is only because his handling of the action has been so misguided that it has produced disastrous results, including the action that precipitated the Debtors' filing of the present bankruptcy. As shown in the attached Superior Court Order (Exhibit 1), Mr. Adams was the Court Appointed Receiver for Debtors properties, charged with remediating them because they had serious and extensive health and safety code violations twice in 2011. In that role, Mr. Adams incurred fees and expenses of $15,317.00, then 10 times that for defense costs in the misguided, abusive tort action that went to trial in 2016. Further, Mr. Adams was granted a first position lien on 26 of Debtors' properties,

MARK S. ADAMS AND CALIFORNIA RECEIVERSHIP GROUP, PBC'S OPPOSITION TO EX-PARTE APPLICATION TO EMPLOY SPECIAL COUNSEL BRADFORD C. FLOYD

and after Debtors refused to pay Mr. Adams as ordered by the court, he was forced to foreclose on Debtors' properties, which led Debtors to file this bankruptcy.

Based on Mr. Floyd's previous representation and results, it is not in the best interest of the estate for him to represent Debtors in the state court receivership action. In the interest of the estate and in the interest of creditors, the court should require Debtors to hire counsel that will work with the City of Eureka to ensure that Debtors' properties are remediated in a manner that is also cost-efficient for the estate, and will not incur excessive legal fees that could compromise repayment of creditors.

The second requirement of § 327(e) is that the potential special counsel "does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." This is the same analysis as briefed above as to 11 U.S.C. § 101(14)(A). Mr. Floyd and Debtors cannot agree on what is owed, and if the larger amount is to be believed, then almost no lawyer in America could be counted on to be unbiased with nearly a million dollars in fees at issue. These reasons all require the Court to decline the request for the estate to retain the services of Mr. Floyd.

## IV. CONCLUSION

For the reasons stated herein, Mr. Adams requests that the Court deny the Application by Debtors.

Dated: January 24, 2018          /s/ Mark S. Adams _____

Attorney at California Receivership Group, PBC

7

MARK S. ADAMS AND CALIFORNIA RECEIVERSHIP GROUP, PBC'S OPPOSITION TO EX-PARTE APPLICATION TO EMPLOY SPECIAL COUNSEL BRADFORD C. FLOYD

Case: 17-10828    Doc# 85    Filed: 01/24/18    Entered: 01/24/18 14:56:05    Page 7 of 18

MARK S. ADAMS, SB#68300
ANDREW F. ADAMS, SB#275109
California Receivership Group, PBC
2716 Ocean Park Boulevard, Suite 3010
Santa Monica, CA 90405
Tel.: (310) 471-8181
Fax: (310) 471-8180
madams@calreceivers.com
Court-Appointed Receiver

# IN THE UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

IN RE:

FLOYD E. SQUIRES, III and
BETTY J. SQUIRES,

               Debtors.

Case No: 17-10828 WJL

Chapter 11

**DECLARATION OF MARK ADAMS**

<u>No Hearing Scheduled</u>

I, Mark S. Adams, do declare as follows:

1.     I am an attorney licensed to practice in California.

2.     I served as the Court-Appointed Receiver in the underlying state court receivership case entitled *City of Eureka v. Squires* - DR110040 ("Action"). Due to Debtors' failure to pay the court-ordered receivership fees in that case, I am now also a secured creditor in this bankruptcy.

3.     A true and correct copy of the Order of the Humboldt County Superior Court of February 21, 2017, in which I was awarded $158,107.36, is attached as Exhibit 1.

8

DECLARATION OF MARK ADAMS

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed this 24th day of January, 2018, Santa Monica, California.


/s/ Mark S. Adams_____
Mark Adams, State Court-Appointed Receiver

DECLARATION OF MARK ADAMS

Exhibit 1

PLEASE COMPLETE THIS INFORMATION

Recording Requested By:

Return To:

MARK S. ADAMS
ANDREW F. ADAMS
2716 Ocean Park Blvd
suite 3010
Santa Monica, CA
90405

Recorded - Official Records
Humboldt County, California
Kelly E. Sanders, Recorder
Recorded by: PROFESSIONAL PHOTOCOPY
Pages:   6

Recording Fee: $  28.00
Tax Fee:  $0.00
Clerk: sc   Total: $28.00
Feb 24, 2017 at 12:38:38



(Space above for Recorder's use only)

**TITLE OF DOCUMENT**

ORDER

1  MARK S. ADAMS, SB#68300
   ANDREW F. ADAMS, SB#275109
2  California Receivership Group, PBC
   2716 Ocean Park Blvd., Suite 3010
3  Santa Monica, California 90405
   Tel. (310) 471-8181
4  Fax (310) 471-8180
   madams@calreceivers.com
5  Court-Appointed Receiver

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     FOR THE COUNTY OF HUMBOLDT

9

10  CITY OF EUREKA, a municipal            Case No.: DR110040
    corporation, ("the City") and the PEOPLE
11  OF THE STATE OF CALIFORNIA. ("the      (PROPOSED) ORDER
    People") by and through Jones & Mayer,
12  Special Counsel of the City of Eureka,
                                           Date: No Hearing Set
13                Petitioner,              Dept.: 8

14         vs.

15  FLOYD SQUIRES; FLOYD E. SQUIRES;
    FLOYD E. SQUIRES III: BETTY J.
16  SQUIRES; FB SQUIRES FAMILY
    TRUST; BETTY J'S BUILDING. INC; and
17  DOES ONE through SIXTY,

18                Respondents.

19

20

21

22
           The Court, having considered the Receiver Mark Adams ("Adams") Motion for Interim
23
    Fees and Costs, the previous receiver's reports and accountings, the documents and testimony in
24
    this case, and good cause appearing therefor,
25
           NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
26
           1.    Adams's Motion for Interim Fees and Costs is hereby approved, and the actions
27
    described therein ratified.
28

                                          -1-
                                   (PROPOSED) ORDER

2.      Respondents Floyd Squires, Floyd E. Squires, Floyd E. Squires III, Betty J. Squires, FB Squires Family Trust, and Betty J's Building, Inc. are hereby ordered to immediately pay the Receiver the amount of $ 158,107.36. [ includes the sum of $ 15,317 previously ordered.]

3.      The total amount due to Adams of $ 158,107.36 is a joint and several personal obligation of the named Respondents in this matter. Adams is authorized to collect the full amount of this judgment from Floyd Squires, Floyd E. Squires, Floyd E. Squires III, Betty J. Squires, FB Squires Family Trust, and Betty J's Building, Inc.

4.      As the former appointed Receiver in this matter, Adams is authorized to issue a Receiver's Certificate ("the Certificate") or increase the existing Certificate with first lien (super priority) status in an amount not to exceed the total of $ 158,107.36 to recover the costs and fees. This Certificate is to be secured by a deed of trust on the properties listed in the appointment order dated March 10, 2011, appointment order dated October 24, 2011, and again listed below:

        a) 609 Summer Street, Eureka, CA (APN: 001-042-012)

        b) 119 W. 6th Street, Eureka, CA (APN: 001-042-13)

        c) 202 3rd Street, Eureka, CA; 315 C. Street, Eureka, CA (APN: 001-066-00 1)

        d) 216 3rd Street, Eureka, CA (APN: 001-066-022)

        e) 205 4th Street, Eureka, CA; 317 C Street, Eureka, CA; 325 C Street, Eureka, CA
           (APN: 001-066-007)

        f) 117-119 5th Street, Eureka, CA (APN: 001-071-004)

        g) 211-219 5th Street, Eureka, CA (APN: 001-103-004)

        h) 1637 3rd Street, Eureka, CA (APN: 002-063-005)

        i) 2325 2nd Street, Eureka, CA (APN: 002-123-004)

        j) 1410 Union Street, Eureka, CA (APN: 004-033-003)

        k) 1233 A Street, Eureka, CA (APN: 004-112-008)

        l) 241 Wabash Avenue, Eureka, CA (APN: 004-196-007)

        m) 1803 C Street, Eureka, CA (APN: 004-203-001)

        n) 833 H Street, Eureka, CA (APN: 005-012-005)

-2-
(PROPOSED) ORDER

o) 705 15th Street, Eureka, CA (APN: 005-012-008)

p) 1623 G Street, Eureka, CA; 1625 G Street, Eureka, CA (APN: 005-053-006)

q) 1635 G Street, Eureka, CA (APN: 005-053-007)

r) 1925 H Street, Eureka, CA (APN: 005-075-009)

s) 1429 Sunny Avenue, Eureka, CA (APN: 006-191-015)

t) 2245 Broadway, Eureka, CA (APN: 008-011-007)

u) 2235 Broadway, Eureka, CA (APN: 008-001-010)

v) 204 W. Hawthorne Street, Eureka, CA (APN: 009-122-005)

w) 2941 California Street, Eureka, CA; 2969 California Street, Eureka, CA (APN: 010-061-010)

x) 2927 California Street, Eureka, CA (APN: 010-061-011)

y) 2535 I Street, Eureka, CA (APN: 011-153-005)

z) 2445 Russ Street, Eureka, CA (APN: 013-171-010)

5.    Adams is authorized to sign any Receivership Certificate and accompanying deed of trust with power of sale that he deems complies with the terms of this Order.  The Certificate shall be executed in favor of any lender as may willing to finance such a Receiver's Certificate on such terms as are commercially reasonable and acceptable to Adams and as are subsequently reported to the Court.

6.    The sums due under the Certificate shall be due and payable at such time as the Receiver and the lender shall agree and subsequently report to the Court but in no case later than the date on which the Court approves the replacement receiver's final accounting and is discharged.

-3-
**(PROPOSED) ORDER**

1     7.     The Certificate and Deed of Trust shall be a lien with priority over any and all

2  existing liens or encumbrances (including the existing first trust deed on the property) other than

3  any lien recorded by a governmental entity for taxes on the property.  The Certificate, the

4  accompanying Deed of Trust and this Order shall be recorded with the Office of the Humboldt

5  County Recorder.

6

7

8

9

10

11

12     IT IS SO ORDERED.

13

14
                                            2017
15  DATED:  2 - 21      2016          _____

16                      (DAR)        Judge of the Superior Court

17  ///

18  ///

19  ///

20  ///

21  ///          STATE OF CALIFORNIA   ) SS
             COUNTY OF HUMBOLDT )
22  ///              I HEREBY CERTIFY THIS INSTRUMENT TO
             BE A FULL, TRUE AND CORRECT COPY OF THE
             ORIGINAL AS THE SAME NOW APPEARS ON
23  ///       FILE IN THIS OFFICE.

24  ///          GIVEN UNDER MY HAND AND THE SEAL
             OF THE SUPERIOR COURT OF CALIFORNIA,
             COUNTY OF HUMBOLDT.
25  ///       THIS _____ FEB 24 2017

26  ///       BY _____
                      DEPUTY CLERK
27  ///
                      KIM M. BARTLESON
28  ///

                          -4-
                  (PROPOSED) ORDER

STATE OF CALIFORNIA, )
COUNTY OF HUMBOLDT ) SS. AFFIDAVIT OF SERVICE BY MAIL

I, *Susan Edwards* , say:

That I am a citizen of the United States, over 18 years of age, a resident of the County of Humboldt, State of California, and not a party to the within action; that my business address is Humboldt County Courthouse, 825 Fifth Street, Eureka, California, 95501; that I served a true copy of the attached <u>ORDER</u> by placing said copies in the attorney's mail delivery box in the Court Operations Office at Eureka, California on the date indicated below, or by placing said copies in envelope(s) and then placing the envelope(s) for collection and mailing on the date indicated below following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service at Eureka, California in a sealed envelope with postage prepaid. These copies were addressed to:

Dean Pucci & Krista MacNevin Jee - Jones and Mayer - 3777 N. Harbor Blvd., Fullerton, CA 92835

Bradford Floyd, Court Operations Box #102

Receiver - Lenders Construction Services, Jeffrey Smith, PO Box 6218, Eureka, CA 95502

District Attorney's Office, Court Operations Box #64

Cyndy Day-Wilson, Eureka City Attorney, Court Operations Box #63

Neal Latt, Court Operations Box #92

Mark Adams, 2716 Ocean Park Blvd # 3010, Santa Monica, CA 90405

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on the 22nd day of <u>February, 2017,</u> at the City of Eureka, County of Humboldt, State of California.

KIM M. BARTLESON, Clerk of the Court

By _____
Deputy Clerk

# PROOF OF SERVICE
F.R.C.P. 5 / C.C.P. 1013a (3)/ Rules of Court, Rule 2060

     I am a resident of, or employed in the County of Los Angeles, State of California. I am over the age of 18 years old and not a party to the within action. My business address is 2716 Ocean Park Blvd., Suite 3010, Santa Monica, California 90405.

     On **January 24, 2018** I served the following listed document(s), by method indicated below, on the parties in this action: **Mark S. Adams and California Receivership Group, PBC's Opposition to Ex-Parte Application to Employ Special Counsel Bradford C. Floyd**

## ***SEE ATTACHED SERVICE LIST***

☐     **BY U.S. MAIL**
By placing ☐ the original / X a true copy thereof enclosed in a sealed envelope(s), with postage prepaid, addressed as per the attached service list, for collection and mailings at the City of Burbank in Burbank, California following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of the document for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day in the ordinary course of business. I am aware that upon motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in this affidavit.

☐     **BY ELECTONIC SERVICE**
    **(via electronic filing service provider)**
By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider, at www.fileandserve.lexisnexis.com pursuant to the Court's _____ Order mandating electronic service. *See* Cal.R.Ct.R. 2053, 2055, 2060. The transmission was reported as complete and without error.

X     **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to received documents.

X     **BY ELECTRONIC SERVICE**
    **(to individual person)**
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. The transmission was reported as complete and without error. *See* Rules of Court, rule 2060.

☐     **BY PERSONAL SERVICE**
    ☐By personally delivering the document(s) listed above to the offices at the addressee(s) as shown on the attached service list.
    ☐By placing the document(s) listed above in a sealed envelope(s) and instructing a registered process server to personally deliver the envelope(s) to the offices at the address(es) set forth on the attached service list. The signed proof of service by the registered process server is attached.

☐     **BY FACSIMILE**
By transmitting the document(s) listed above from Mark Adams, Esq., facsimile (310) 471-8181to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made pursuant to agreement of the parties, confirmed in writing.

X    STATE     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐    FEDERAL     I declare under penalty of perjury under the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service is made.

Christmas Myers
Type or Print Name

Signature

PROOF OF SERVICE

1

# SERVICE LIST

**Counsel for Debtor and Joint Debtor, Floyd E. Squires, III and Betty J. Squires**
David N. Chandler
LAW OFFICES OF DAVID N. CHANDLER
1747 4th Street
Santa Rosa, California 95404
Tel: (707) 528-4331
DChandler1747@yahoo.com

**Debtors**
Floyd E. Squires, III
Betty J. Squires
219 Fifth Street
Eureka, California 95501

**Counsel for U.S. Trustee**
Jared A. Day
Office of the United States Trustee
300 Booth Street, Suite 3009
Reno, Nevada 89509
Tel: (775) 784-5335
Fax: (775) 784-5531
jared.a.day@usdoj.gov

**Counsel for New Residential Mortgage Loan Trust 2017-6**
Theron S. Covey, Esq.
ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Bankruptcy Department
6409 Congress Ave., Suite 100
Boca Raton, Florida 33487
Tel: (561) 241-6901
Fax: (561) 997-6909
tcovey@rasflaw.com

**Counsel for JPMorgan Chase Bank**
Gilbert R. Yabes
ALDRIDGE PITE, LLP
4375 Jutland Drive, suite 200
P.O. Box 17933
San Diego, California 92177-0933
Tel: (858) 750-7600
Fax: (619) 590-1385
ecfcanb@aldridgepite.com

**Counsel for Bank of New York Mellon**
JaVonne M. Phillips, Esq.
Kelly M. Raftery
MCCARTHY & HOLTHUS, LLP
1770 Fourth Avenue
San Diego, California 92101
Tel: (877) 369-6122
Fax: (619) 685-4811
kraftery@mccarthyholthus.com

**Counsel for Synchrony Bank**
Valerie Smith
PRA RECEIVABLES MANAGEMENT, LLC
P.O. Box 41021
Norfolk, Virginia 23541
Tel: (877) 829-8298
Fax: (757) 351-3257
claims@recoverycorp.com

**Counsel for CIM Trust 2017-9**
Kelly M. Raftery, Esq.
McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101
Tel: (877) 369-6122
kraftery@mccarthyholthus.com

PROOF OF SERVICE