David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE:                              CASE No. 17-10828 WJL

FLOYD E. SQUIRES, III and           CHAPTER 11
BETTY J. SQUIRES,
                                    MEMORANDUM OF AUTHORITIES IN
     Debtors.            /          SUPPORT OF EX PARTE MOTION TO
                                    APPOINT SPECIAL COUNSEL
                                    Date:   February 1, 2018
                                    Time:   11:00 a.m.
                                    Place:  U.S. Courthouse
                                            3140 Boeing Avenue
                                            McKinleyville, CA

    FLOYD E. SQUIRES, III and BETTY J. SQUIRES, Debtors herein, submit the following Memorandum in Support of their Ex Parte Motion to appoint Bradford Floyd as special counsel:

    1.  Debtors have submitted by Ex Parte Motion, their request to employ Bradford Floyd as special counsel in the case pursuant to 11 U.S.C. §327(e).  The Motion is supported by an Amended Declaration of Bradford Floyd disclosing that (a) Mr. Floyd holds a security interest in real properties of the estate adverse to the estate, and (b) Mr. Floyd holds unsecured claims against the estate.

    2.  Bradford Floyd is a licensed attorney licensed to practice in the State of California and the Northern District of California with primary offices in Eureka, California.  Mr. Floyd's practice is focused upon real property and land use litigation.

His representation of the Debtors with regard to land use issues in the City of Eureka dates back to January, 2011. The matter pending before the Superior Court, County of Humboldt, Case No. DR 110040 has involved six months of litigation concerning a preliminary injunction, six weeks of trial, motions, oppositions, and attendance at all Court matters, including Receiver Reports since the interim rulings. Mr. Floyd is familiar with the remaining three properties which have not been signed off by the City of Eureka.

    3.   It is acknowledged that Mr. Floyd is not disinterested pursuant to §327(a) inasmuch as he holds an interest in Deed of Trust on the following parcels:

        a.   1429 Sunny Ave., Eureka, CA; and

        b.   2535 L St., Eureka, CA.

    4.   The duly appointed Receiver has cleared all but the following three parcels of property per the Receiver:

        a.   833 H Street, Eureka, CA;

        b.   219 5th St., Eureka; and

        c.   315 C Street, Eureka

    5.   It is further acknowledged that Mr. Floyd holds an unsecured claim against the estate.

    6.   The Trustee, with the Court's approval, may employ for a specified special purpose, an attorney that has represented the Debtor if in the best interests of the estate and, if the attorney does not hold or represent any interest adverse to the Debtors or to the estate with respect to the matter in which the attorney is to be engaged. 11 U.S.C. §327(e).

7. In order to be disinterested, an attorney must not hold a claim against the estate as of the commencement of the case [11 U.S.C. §101(14)(A)] or an interest materially adverse to the estate [11 U.S.C. §101(14)(C)].

8. Mr. Floyd's unsecured claim is not adverse to the estate or the Debtors with respect to the land use matters in which he is to be engaged. The estate's ability to repay claims allowed against it is directly dependent upon the value of the various properties which value, in part, is not determined by, but impacted by permissible use thereof. The unsecured claim is not adverse to such determinations and is only indirectly related.

9. Mr. Floyd's security interests in property of the estate are not related to the land use matters for which Mr. Floyd's employment is sought. Other than being impacted by the permissible use of the subject properties, the properties in which Mr. Floyd has an interest have been cleared by the Receiver as being in compliance prior to the commencement of the case. Again, Mr. Floyd's interest is not related, except indirectly, to the land use issues which are presented. The attorney to qualify as special counsel must not hold an adverse interest relating to the services to be performed. In re Fondmiller, 15 B.R. 890 (9th Cir. BAP 1981). Unlike general counsel, special counsel for the Debtor need not be wholly disinterested. Such counsel must not hold any interest adverse to debtor or estate only with respect to matters on which counsel is to be employed. In re Imperial Corp. of America, 181 B.R. 501 (Bktcy. S.D. Calif. 1995).

10. Each parcel of property of the estate was affirmatively

1 determined by the Superior Court not to be in violation of
2 California Health and Safety Code prior to commencement of the case
3 and as of the date of the Interim Order.

4     11. The Objecting parties contend that an *actual conflict* of
5 interests exists between the proposed representation of Mr. Floyd
6 and the estate:

7         a. Mr. Floyd holds a claim against the estate;

8         b. Mr. Floyd is the beneficiary of Deed of Trust
9 describing property of the estate; and

10         c. Potential avoidable transfers to or for the benefit
11 of Mr. Floyd.

12     12. The ABA Model Rules provide:

> Rule 1.7 CONFLICT OF INTEREST: Current Clients.
> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the personal interest of the lawyer.

19     13. The notes to Rule 1.7 provide that even where there is no
20 direct adverseness, a conflict of interests exists if there is a
21 significant risk that a lawyer's ability to consider, recommend, or
22 carry out an appropriate course of action for the client will be
23 materially limited as a result of the lawyer's other interests.

24     14. In this instance, (1) no facts have been presented by the
25 objecting parties or allegations made that there is a *substantial*
26 risk that Mr. Floyd will not be able to consider, recommend, or
27 carry out an appropriate course of action within the matters for

-4-

which he is sought to be retained, and (2) deference to general counsel in any matters in which Mr. Floyd's claim or adverse interests are relevant is acknowledged.

15. The objecting parties' opposition is disingenuous and an effort to deprive the Debtors of experienced, capable and local counsel who has previously represented the Debtors with respect to the same matter. The arguments advanced by opposing parties fail to establish a factual basis for establishing a concurrent conflict of interest with respect to the matters for which Mr. Floyd is sought to be engaged or disinterestedness with respect to such matters.

WHEREFORE, Debtors respectfully submit that the Objections of both the City of Eureka and the California Receiver Group be overruled and that Debtors be authorized to retain Bradford Floyd as special counsel pursuant to 11 U.S.C. §327(e) to represent the Debtor and the estate with respect to the land use issues and the pending Superior Court litigation and for such other and further relief as the Court deems proper.

Dated: January 29, 2018          DAVID N. CHANDLER, p.c.


                                 By: */s/David N. Chandler*
                                 David N. Chandler
                                 Attorneys for Debtor