

The following constitutes the order of the court.
Signed March 1, 2018

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

In re  )  
 ) Case No. 17-10828  
Floyd and Betty Squires,  )  
 )  
 ) Chapter 11  
 )  
Debtor.  )  
_____)

**ORDER ON PROCEDURES FOR SALE OF REAL PROPERTY BY DEBTORS**

On February 28, 2018, the Court held a status conference to address a number of issues in this chapter 11 case, including matters related to the preparation for and conduct of a trial on a Motion to Appoint Trustee, set to commence on March 26, 2018, and tentatively set to continue (as the presentations may require) on April 2, 2018. Appearances are as reflected in the record. As part of that discussion, the Court also discussed with the parties issues raised by the Debtors' attempts to employ real estate brokers for the purpose of selling some of the approximately twenty-six parcels of property owned by the Debtors, including the difficulties foreseeable should such sales not be concluded on or before the date on which the Court may appoint a trustee in this case. That discussion was comprehensive, and is fully reflected in the transcript of the hearing that may be accessed on the Court's electronic docket.

At the conclusion of that hearing, the Court took under advisement the issue of how to orchestrate sales of real property by the Debtors in a manner that would be beneficial to the

estate, would allow for the prompt disposition of real property for which there is no apparent commercially reasonable plan for economic rehabilitation, would allow for the payment of a claim or claims secured by real property, and yet would not impinge upon the rights of, or impede the full exercise of discretion by, a chapter trustee, should one be appointed on or after April 2, 2018.

The Court reconvened the hearing on the Status Conference at 9:00 a.m. on March 1, 2018, to address these issues and to provide guidance, as necessary, concerning the procedures that the Court would impose for any such real property sales, in the absence of agreement by the parties. Appearances are as reflected in the record. Having been apprised that the parties had not been able to come to an agreement concerning the procedures that should govern such sales, the Court now memorializes the results of that discussion and HEREBY ORDERS the following:

1) The Court will hear any motion brought by Debtors to sell real property if (i) such motion may be heard and determined on or before April 2, 2018, (ii) such motion shall pertain to a sale transaction that must close no later than April 2, 2018, (iii) such motion shall have been filed and served on all creditors and parties in interest on no less than **ten days notice,** and (iv) the Debtors shall have provided to all parties who appeared at the March 1 Status Conference all documents relevant to the proposed sale, including agreements for purchase, and any documents related thereto, and agreements for employment of brokers or other professionals associated with the sale, and, if necessary to understand any material aspect of the sale, the proposed sale motion as well as any supporting materials, at least **four (4) business days prior to the filing of such motion,** for the purpose of facilitating as comprehensive and effective a review of the proposed sale by the principal parties in interest as may be possible under the circumstances,

2) The employment by the estate of any professionals related to such a sale will be reviewed in conjunction with the motion to sell, and shall expressly be limited to such transaction, in strict conformance with the conditions described in part "(1)" above. In particular, in order to avoid creating conflicts with a future trustee, should one be appointed, no such professional employment will be approved for a period beyond

April 2, 2018, and except as may be set forth in a subsequent order of this Court, no compensation may be approved with respect to any sale that does not meet the conditions set forth in part "(1)" above, including that the sale close on or before April 2, 2018.

3) This order is without prejudice to any arrangement upon which the parties expressly agree, and which they consensually request the Court approve, and which the Court does actually approve, by Order entered prior to April 2, 2018.

***END OF ORDER***

**Court Service List**

Case: 17-10828    Doc# 135    Filed: 03/01/18    Entered: 03/01/18 14:02:27    Page 4 of 4