David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE:                          CASE No. 17-10828 WJL

FLOYD E. SQUIRES, III and       CHAPTER 11
BETTY J. SQUIRES,
                                MEMORANDUM OF POINTS AND
_____Debtors._____/   AUTHORITIES IN SUPPORT OF
                                MOTION FOR ORDER AUTHORIZING
                                USE OF CASH COLLATERAL
                                Date:   March 8, 2018
                                Time:   3:30 p.m.
                                Place:  1300 Clay St., Rm. 220
                                        Oakland, CA

     FLOYD E. SQUIRES, III and BETTY J. SQUIRES, Debtors herein,

submit the following Memorandum of Authorities in Support of their

Motion for Order Authorizing Further Use of Cash Collateral:

     1.   The within case was commenced on November 8, 2017 pursuant

to Chapter 11 of Title 11 U.S.C.

     2.   The Debtors own more than 26 parcels of residential real

property rented to various tenants, however 26 parcels are related

to the within Motion.  The subject properties are listed in Exhibit

A to the Declaration of Floyd Squires ("Exhibit A").

     3.   The subject properties were subject to contended health

and safety violations in Superior Court litigation.  A health and

safety receiver was appointed by the Superior Court and is currently

in possession relative to the health and safety aspects of the

properties and subject to direction by the Superior Court.

4. The 26 said properties have values set forth in column 2 of Exhibit A and are encumbered by liens as set forth in column 3 of Exhibit A. The said properties are also contended to be encumbered by Deed of Trust, Exhibit C to the Declaration of Floyd Squires, which Deed of Trust was not authorized by the Court or executed by the Debtors.

5. The expenses for the 26 properties required to be paid on indebtedness senior to that of California Receivership Group, et al., operational expenses and health and safety expenses projected are set forth in Exhibit E to the Declaration of Floyd Squires ("Exhibit E").

6. Debt due Truman Vroman (aggregate of $345,000) is secured by the seven properties set forth in Exhibit B to the Declaration of Floyd Squires which have an aggregate value of $3,445,000. Expenses for those seven properties are set forth in Exhibit E ("Exhibit E").

7. Caliber Home Loans is secured by real property located at 2959 California St., Eureka, CA securing approximately $195,000 by a first priority Deed of Trust. Caliber contends there is a default. The subject real property has a value of approximately $3,000,000.

8. Adams and the California Receiver Group are beneficiaries of a Deed of Trust which describes the former receivership properties and the Debtors' residence. The total amount of the secured indebtedness is now precisely known but is approximately $165,000. The recorded Deed of Trust contains and assignment of rents provision, however, the Court Order authorizing the security interest is only in the properties and does not specify the rents.

The lien of the said Deed of Trust states that it is senior to all other liens and encumbrances.

9. The continuing rents, Exhibit E to the Declaration of Floyd Squires, are cash collateral of the aforementioned secured creditors to the extent validly secured. In order to continue to produce rents, certain expenses of the property are required to be paid, insurance, taxes, utilities, maintenance, and health and safety remediation requirements as determined by Jeff Smith, the health and safety receiver.

10. The Debtor may not use cash collateral unless (A) the entity having an interest consents, or (B) the court, after notice and hearing authorizes such use. 11 U.S.C. § 363(c)(2). The Court, by Orders entered December 15, 2017, January 4, 2018, and February 28, 2018, has authorized use of cash collateral rents through February 28, 2018.

11. A hearing on a cash collateral motion shall be scheduled in accordance with the needs of the Debtor. 11 U.S.C. § 363(c)(3).

12. The Debtors require the use of cash collateral to pay expenses as set forth in the Budget, Exhibit E.

WHEREFORE, it is respectfully submitted that the Debtors be authorized to utilize cash collateral rents pursuant to the said budget and to pay such expenses as budgeted therefore as same are incurred.

Dated: 3/5/18                    DAVID N. CHANDLER, p.c.


                                 By: /s/ David N. Chandler
                                 DAVID N. CHANDLER
                                 Attorneys for Debtors