1  CYNDY DAY-WILSON (SBN 135045)
   cday-wilson@ci.eureka.ca.gov
2  **CITY ATTORNEY, EUREKA**
   531 K Street
3  Eureka, CA 95551
   Telephone:    707-441-4147
4  Facsimile:    707-441-4148

5  MICHAEL A. SWEET (SBN 184345)
   msweet@foxrothschild.com
6  JACK PRAETZELLIS (SBN 267765)
   jpraetzellis@foxrothschild.com
7  **FOX ROTHSCHILD LLP**
   345 California Street, Suite 2200
8  San Francisco, CA 94104
   Telephone:    415-364-5540
9  Facsimile:    415-391-4436

10 Attorneys for CITY OF EUREKA
   Creditor and Real Party in Interest

11

12              UNITED STATES BANKRUPTCY COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                   SANTA ROSA DIVISION

15

16 In re:                              CASE NO. 17-10828 WJL 11

17 FLOYD E. SQUIRES III AND             Chapter 11
   BETTY J. SQUIRES,
18                                      **CITY OF EUREKA'S RESPONSES TO
              Debtors.                  DEBTORS' REQUEST FOR PRODUC-
19                                      TION, SET ONE**

20                                      Judge:  Hon. William Lafferty

21

22 PROPOUNDING PARTY:          DEBTORS FLOYD E. SQUIRES, III and
                               BETTY J. SQUIRES
23 RESPONDING PARTY:           CITY OF EUREKA

24 SET NUMBER:                 ONE

25

26

27

28
                                          EXHIBIT "D"

**RESPONSE TO REQUESTS FOR PRODUCTION**

**Objection to Production of Electronically Stored Information Without Entry Of An**

**Order Under Federal Rule Of Evidence 502(d)**

The City of Eureka ("City") objections to the production of any electronically stored information ("ESI") in the absence of the entry of an order under Federal Rule of Evidence ("FRE") 502(d). To avoid unnecessary delay, in advance of the service of this Response to Debtors' Requests for Production of Documents on March 16, 2018, the City provided to Debtors counsel a proposed form of FRE 502(d) Stipulation and Order. Once the parties have an agreed form of Stipulation and Order submitted to the Court, the City will produce ESI as described herein.

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents PERTAINING TO building permits issued by the CITY relating to each and every NUISANCE PROPERTY from and after the appointment of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. The request is overbroad in time in so far as it seeks documents "from and after the appointment of the RECEIVER." Furthermore, it is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that it may impermissibly seek attorney client privileged communication or attorney work product and responding party interprets the request so as not to seek such documents.

Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties. To the extent this request encompasses email, responding party will conduct a reasonable search of a reasonable set of custodians using reasonable search terms and reasonable time frames (all selected by responding party) and will produce such non-privileged responsive documents as fixed images.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents PERTAINING TO final inspections of works of improvements to the NUISANCE PROPERTIES by the CITY from and after appointment of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. The request is overbroad in time in so far as it seeks documents "from and after the appointment of the RECEIVER." Furthermore, it is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents".

Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties. To the extent this request encompasses email, responding party will conduct a reasonable search of a reasonable set of custodians using reasonable search terms and reasonable time frames (all selected by responding party) and will produce such non-privileged responsive documents as fixed images.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents PERTAINING to fees paid by or on behalf of the Debtors for permits issued by the CITY for works of improvement on the NUISANCE PROPERTIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. The request is overbroad in time in so far as it has no temporal limitation. Furthermore, it is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents".

Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed

Case: 17-10828   Doc# 194-4   Filed: 03/22/18   Entered: 03/22/18 18:20:37   Page 3 of 23

1  and BRIAN ISSA PERTAINING TO any one or more of the NUISANCE PROPERTIES from and

2  after appointment of the RECEIVER.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

4  Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in

5  scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as

6  "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that

7  it may impermissibly seek attorney client privileged communication or attorney work product and

8  responding party interprets the request so as not to seek such documents. The categories of docu-

9  ments sought are not relevant to the issues raised by the Motion. Subject thereto and without waiv-

10 ing the foregoing objections, responding party respond as follows: Records kept by responding

11 party relating to the Debtors' properties are located in file drawers at City Hall that will be identified

12 to the interrogating party. Responding party agrees to permit requesting party access to the file

13 drawers during regular business hours and at times agreed to by the parties. To the extent this re-

14 quest encompasses email, responding party will conduct a reasonable search of a reasonable set of

15 custodians using reasonable search terms and reasonable time frames (all selected by responding

16 party) and will produce such non-privileged responsive documents as fixed images.

17 **REQUEST FOR PRODUCTION NO. 6:**

18 Any and all documents, including notes, memoranda, text messages, and electronic messages

19 and COMMUNICATIONS of any kind, between BRIAN GERVING and any agent, employee or

20 officer of the police department of the CITY PERTAINING TO any one or more of the NUISANCE

21 PROPERTIES from and after appointment of the RECEIVER.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

23 Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in

24 scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as

25 "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that

26 it may impermissibly seek attorney client privileged communication or attorney work product and

27 responding party interprets the request so as not to seek such documents. The categories of docu-

28

-5-

ments sought are not relevant to the issues raised by the Motion. Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties. To the extent this request encompasses email, responding party will conduct a reasonable search of a reasonable set of custodians using reasonable search terms and reasonable time frames (all selected by responding party) and will produce such non-privileged responsive documents as fixed images.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documents, including notes, memoranda, text messages, and electronic messages and COMMUNICATIONS of any kind, between BRIAN ISSA and any agent, employee or officer of the police department of the CITY PERTAINING TO any one or more of the NUISANCE PROPERTIES from and after appointment of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that it may impermissibly seek attorney client privileged communication or attorney work product and responding party interprets the request so as not to seek such documents. The categories of documents sought are not relevant to the issues raised by the Motion. Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties. To the extent this request encompasses email, responding party will conduct a reasonable search of a reasonable set of custodians using reasonable search terms and reasonable time frames (all selected by responding party) and will produce such non-privileged responsive documents as fixed images.

Case: 17-10828   Doc# 194-4   Filed: 03/22/18   Entered: 03/22/18 18:20:37   Page 5 of 23

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents, including notes, memoranda, text messages, and electronic messages and COMMUNICATIONS of any kind, between BRIAN GERVING and any agent, employee or officer of the police department of the CITY PERTAINING TO any one or more of the NUISANCE PROPERTIES from and after appointment of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that it may impermissibly seek attorney client privileged communication or attorney work product and responding party interprets the request so as not to seek such documents. The categories of documents sought are not relevant to the issues raised by the Motion. Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties. To the extent this request encompasses email, responding party will conduct a reasonable search of a reasonable set of custodians using reasonable search terms and reasonable time frames (all selected by responding party) and will produce such non-privileged responsive documents as fixed images.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents, including notes, memoranda, text messages, and electronic messages and COMMUNICATIONS of any kind, between any agent, officer or employee of the building department of the CITY and any agent, employee or officer of the public health department of the CITY PERTAINING TO any one or more of the NUISANCE PROPERTIES from and after appointment of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as

"DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that it may impermissibly seek attorney client privileged communication or attorney work product and responding party interprets the request so as not to seek such documents. The categories of documents sought are not relevant to the issues raised by the Motion. Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties. To the extent this request encompasses email, responding party will conduct a reasonable search of a reasonable set of custodians using reasonable search terms and reasonable time frames (all selected by responding party) and will produce such non-privileged responsive documents as fixed images.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all notices, directives or other writing posted by the CITY on any one or more of the NUISANCE PROPERTIES PERTAINING TO shutting off CITY water to any one of the NUISANCE PROPERTIES from and after appointment of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. The request is overbroad in time in so far as it seeks documents "from and after the appointment of the RECEIVER." Furthermore, it is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents".

Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents, including notes, memoranda, text messages, and electronic messages of any kind, between any agent, officer or employee of the building department of the CITY and any

-8-

1  agent, employee or officer of the water department of the CITY PERTAINING TO any one or more

2  of the NUISANCE PROPERTIES from and after appointment of the RECEIVER.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

4  Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in

5  scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as

6  "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that

7  it may impermissibly seek attorney client privileged communication or attorney work product and

8  responding party interprets the request so as not to seek such documents. The categories of docu-

9  ments sought are not relevant to the issues raised by the Motion. Subject thereto and without waiv-

10  ing the foregoing objections, responding party respond as follows: Records kept by responding

11  party relating to the Debtors' properties are located in file drawers at City Hall that will be identified

12  to the interrogating party. Responding party agrees to permit requesting party access to the file

13  drawers during regular business hours and at times agreed to by the parties. To the extent this re-

14  quest encompasses email, responding party will conduct a reasonable search of a reasonable set of

15  custodians using reasonable search terms and reasonable time frames (all selected by responding

16  party) and will produce such non-privileged responsive documents as fixed images.

17  **REQUEST FOR PRODUCTION NO. 12:**

18  Any and all notices, directives, warnings or other documents provided to an one or more ten-

19  ants of the NUISANCE PROPERTIES by the CITY from and after appointment of the RECEIVER.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

21  Objection. The request is vague and ambiguous as to the phrase "to an or more". Subject

22  thereto and without waiving the foregoing objections, responding party respond as follows: Records

23  kept by responding party relating to the Debtors' properties are located in file drawers at City Hall

24  that will be identified to the interrogating party. Responding party agrees to permit requesting party

25  access to the file drawers during regular business hours and at times agreed to by the parties.

26

27

28

-9-

**REQUEST FOR PRODUCTION NO. 13:**

Any and all notices, directives or other writing posted by the CITY on any one or more of the NUISANCE PROPERTIES PERTAINING TO shutting off CITY water to any one of the NUISANCE PROPERTIES from and after commencement of the within case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject thereto and without waiving the foregoing objections, responding party respond as follows:  Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party.  Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all writings provided by the CITY, its officers or agents to tenants of 833 H Street, Eureka at any time from and after the commencement of the within case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection to the extent the request violates the privacy rights of any tenants at 833 H Street. Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party.  Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all communications, written or electronic, or memorandums of such communications between any agent or employee of the CITY and an A N Electrician.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection.  The request is overbroad and overburdensome because it is:  not limited in time, not limited in scope (e.g., not limited to the Debtors' real properties), and not limited by custodian, instead seeking documents for any employee of responding party.

-10-

**REQUEST FOR PRODUCTION NO. 16:**

Any and all documents referenced in YOUR answers to the accompanying Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. Furthermore, it is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". All documents referenced in responding party's interrogatory responses were filed in the Bankruptcy Court.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all documents referenced in YOUR responses to the accompanying Requests for Admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. Furthermore, it is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". All documents referenced in responding party's interrogatory responses were filed in the Bankruptcy Court and are equally available to the requesting party.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all photographs, films, diagrams, maps, charts, graphs or other illustrative writings or documents which YOU intend to utilize as an aid and/or offer into evidence at the hearing on the MOTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. Furthermore, it is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request also impermissibly seeks attorney work product. Responding party presently intends to introduce on direct only those materials previously filed with the Bankruptcy Court, which materials are equally available to the requesting party.

-11-

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents, including notes, memoranda, text messages, and electronic messages of any kind, between any agent, officer or employee of the CITY and the RECEIVER PERTAINING TO any one or more of the NUISANCE PROPERTIES from and after appointment of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. It is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is overbroad and overburdensome because it is: not reasonably limited in time and not limited by custodian, instead seeking documents for any employee of responding party.

Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties. To the extent this request encompasses email, responding party will conduct a reasonable search of a reasonable set of custodians using reasonable search terms and reasonable time frames (all selected by responding party) (all selected by responding party) and will produce such non-privileged responsive documents as fixed images.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents, including notes, memoranda, text messages, and electronic messages of any kind, between any agent, officer or employee of the CITY and MARK ADAMS PERTAINING TO any one or more of the NUISANCE PROPERTIES from and after appointment of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. It is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is overbroad and overburdensome because it is: not reasonably limited in time and not limited by custodian, instead seeking documents for any employee of responding party.

-12-

Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties. To the extent this request encompasses email, responding party will conduct a reasonable search of a reasonable set of custodians using reasonable search terms and reasonable time frames (all selected by responding party) (all selected by responding party) and will produce such non-privileged responsive documents as fixed images.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all documents, including notes, memoranda, text messages, and electronic messages of any kind, between any agent, officer or employee of the CITY and the CALIFORNIA RECEIVER GROUP, its officers, agents and/or attorneys PERTAINING TO any one or more of the NUISANCE PROPERTIES from and after appointment of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. It is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is overbroad and overburdensome because it is: not reasonably limited in time and not limited by custodian, instead seeking documents for any employee of responding party.

Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties. To the extent this request encompasses email, responding party will conduct a reasonable search of a reasonable set of custodians using reasonable search terms and reasonable time frames (all selected by responding party) (all selected by responding party) and will produce such non-privileged responsive documents as fixed images.

-13-

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents, including notes, memoranda, text messages, and electronic messages of any kind, between any agent, officer or employee of the CITY and the CALIFORNIA RECEIVER GROUP, its officers, agents and/or attorneys PERTAINING TO foreclosure by MARK ADAMS and/or the CALIFORNIA RECEIVER GROUP, its agents or attorneys upon any one or more of the NUISANCE PROPERTIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. It is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is overbroad and overburdensome because it is: not reasonably limited in time and not limited by custodian, instead seeking documents for any employee of responding party.

Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties. To the extent this request encompasses email, responding party will conduct a reasonable search of a reasonable set of custodians using reasonable search terms and reasonable time frames (all selected by responding party) (all selected by responding party) and will produce such non-privileged responsive documents as fixed images.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all documents, including notes, memoranda, text messages, or electronic messages PERTAINING TO removal of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. It is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is overbroad and overburdensome because it is: not reasonably limited in time and not limited by custodian, instead seeking documents for any employee of responding party. Furthermore, the request may impermissibly seek attorney client privileged communication or attorney

1  work product and responding party interprets the request so as not to seek such documents. All doc-

2  uments filed in connection with the receivership disqualification motion are available to propound-

3  ing party.

4      Subject thereto and without waiving the foregoing objections, responding party respond as

5  follows: Records kept by responding party relating to the Debtors' properties are located in file

6  drawers at City Hall that will be identified to the interrogating party. Responding party agrees to

7  permit requesting party access to the file drawers during regular business hours and at times agreed

8  to by the parties. To the extent this request encompasses email, responding party will conduct a rea-

9  sonable search of a reasonable set of custodians using reasonable search terms and reasonable time

10  frames (all selected by responding party) and will produce such non-privileged responsive docu-

11  ments as fixed images.

12  **REQUEST FOR PRODUCTION NO. 24:**

13      Any and all documents, including notes, memoranda, text messages, or electronic messages

14  PERTAINING TO preventing the DEBTORS from owning property within the City limits of Eu-

15  reka, California.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

17      Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. It

18  is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "docu-

19  ments". The request is overbroad and overburdensome because it is: not reasonably limited in time

20  and not limited by custodian, instead seeking documents for any employee of responding party. Fur-

21  thermore, the request may impermissibly seek attorney client privileged communication or attorney

22  work product and responding party interprets the request so as not to seek such documents.

23      Responding party does not believe that any such responsive documents exist.

24  **REQUEST FOR PRODUCTION NO. 25:**

25      Any and all documents, including notes, memoranda, text messages, or electronic messages

26  PERTAINING TO divesting the DEBTORS of ownership of the NUISANCE PROPERTIES or any

27  other property.

28  ///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. It is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is overbroad and overburdensome because it is: not reasonably limited in time and not limited by custodian, instead seeking documents for any employee of responding party. Furthermore, the request may impermissibly seek attorney client privileged communication or attorney work product and responding party interprets the request so as not to seek such documents. In abundance of caution, responding party identifies all of the pleadings filed in support of the Motion, including without limitation Docs. 59, 60, 62, 63, 66, 101, 102, 103, 113, 114, 116, 123, 124, 131, and 136 which are equally available to Debtors.

Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties. To the extent this request encompasses email, responding party will conduct a reasonable search of a reasonable set of custodians using reasonable search terms and reasonable time frames (all selected by responding party) and will produce such non-privileged responsive documents as fixed images.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all documents PERTAINING TO the objectives of the CITY relating to the NUISANCE PROPERTIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. It is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is overbroad and overburdensome because it is: not reasonably limited in time and not limited by custodian. The request is vague and ambiguous as to "objectives" relating to the Debtors' properties. The request is not relevant to the issues raised by the Motion. Furthermore, the

1  request may impermissibly seek attorney client privileged communication or attorney work product
2  and responding party interprets the request so as not to seek such documents.

3        Without waiving the foregoing objections and reserving them to the fullest, responding party
4  identifies all of the pleadings filed in support of the Motion, including without limitation Docs. 59,
5  60, 62, 63, 66, 101, 102, 103, 113, 114, 116, 123, 124, 131, and 136 which are equally available to
6  Debtors. Responding party's objective in filing the Motion is to appoint a chapter 11 trustee.

7  **REQUEST FOR PRODUCTION NO. 27:**

8        Any and all documents PERTAINING TO the objectives of the CITY relating to the DEBT-
9  ORS.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

11        Objection. The request is overbroad in scope in so far as it seeks "any and all" documents. It
12  is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "docu-
13  ments". The request is overbroad and overburdensome because it is: not reasonably limited in time
14  and not limited by custodian. The request is vague and ambiguous as to "objectives" relating to the
15  Debtors. The request is not relevant to the issues raised by the Motion. Furthermore, the request
16  may impermissibly seek attorney client privileged communication or attorney work product and re-
17  sponding party interprets the request so as not to seek such documents.

18        Without waiving the foregoing objections and reserving them to the fullest, responding party
19  identifies all of the pleadings filed in support of the Motion, including without limitation Docs. 59,
20  60, 62, 63, 66, 101, 102, 103, 113, 114, 116, 123, 124, 131, and 136 which are equally available to
21  Debtors. Responding party's objective in filing the Motion is to appoint a chapter 11 trustee.

22  **REQUEST FOR PRODUCTION NO. 28:**

23        Any and all documents, including notes, memoranda, text messages, and electronic messages
24  and COMMUNICATIONS of any kind, between MATTHEW MORGAN and BRIAN ISSA PER-
25  TAINING TO any one or more of the NUISANCE PROPERTIES from and after appointment of the
26  RECEIVER.

27  ///

28  ///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that it may impermissibly seek attorney client privileged communication or attorney work product and responding party interprets the request so as not to seek such documents. The categories of documents sought are not relevant to the issues raised by the Motion. Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties. To the extent this request encompasses email, responding party will conduct a reasonable search of a reasonable set of custodians using reasonable search terms and reasonable time frames (all selected by responding party) and will produce such non-privileged responsive documents as fixed images.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all documents, including notes, memoranda, text messages, and electronic messages and COMMUNICATIONS of any kind, between any employee of the CITY Building Department and MATTHEW MORGAN PERTAINING TO any one or more of the NUISANCE PROPERTIES from and after appointment of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that it may impermissibly seek attorney client privileged communication or attorney work product and responding party interprets the request so as not to seek such documents. The categories of documents sought are not relevant to the issues raised by the Motion. Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified

to the interrogating party. Responding party agrees to permit requesting party access to the file

drawers during regular business hours and at times agreed to by the parties. To the extent this re-

quest encompasses email, responding party will conduct a reasonable search of a reasonable set of

custodians using reasonable search terms and reasonable time frames (all selected by responding

party) and will produce such non-privileged responsive documents as fixed images.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all documents, including notes, memoranda, text messages, and electronic messages

and COMMUNICATIONS of any kind, between MATTHEW MORGAN and any agent, employee

or officer of the police department of the CITY PERTAINING TO any one or more of the NUI-

SANCE PROPERTIES from and after appointment of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in

scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as

"DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that

it may impermissibly seek attorney client privileged communication or attorney work product and

responding party interprets the request so as not to seek such documents. The categories of docu-

ments sought are not relevant to the issues raised by the Motion. Subject thereto and without waiv-

ing the foregoing objections, responding party respond as follows: Records kept by responding

party relating to the Debtors' properties are located in file drawers at City Hall that will be identified

to the interrogating party. Responding party agrees to permit requesting party access to the file

drawers during regular business hours and at times agreed to by the parties. To the extent this re-

quest encompasses email, responding party will conduct a reasonable search of a reasonable set of

custodians using reasonable search terms and reasonable time frames (all selected by responding

party) and will produce such non-privileged responsive documents as fixed images.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all documents, including notes, memoranda, text messages, and electronic messages

and COMMUNICATIONS of any kind, between MATTHEW MORGAN and any agent, employee

Case: 17-10828    Doc# 194-4    Filed: 03/22/18    Entered: 03/22/18 18:20:37    Page 18
of 23

or officer of the police department of the CITY PERTAINING TO any one or more of the NUI-
SANCE PROPERTIES from and after appointment of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that it may impermissibly seek attorney client privileged communication or attorney work product and responding party interprets the request so as not to seek such documents. The categories of documents sought are not relevant to the issues raised by the Motion. Subject thereto and without waiving the foregoing objections, responding party respond as follows: Records kept by responding party relating to the Debtors' properties are located in file drawers at City Hall that will be identified to the interrogating party. Responding party agrees to permit requesting party access to the file drawers during regular business hours and at times agreed to by the parties. To the extent this request encompasses email, responding party will conduct a reasonable search of a reasonable set of custodians using reasonable search terms and reasonable time frames (all selected by responding party) and will produce such non-privileged responsive documents as fixed images.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all documents, including notes, memoranda, text messages, and electronic messages and COMMUNICATIONS of any kind, between CINDY DAY-WILSON and any agent, employee or officer of the police department of the CITY PERTAINING TO any one or more of the NUI-
SANCE PROPERTIES from and after appointment of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that it may impermissibly seek attorney client privileged communication or attorney work product and responding party interprets the request so as not to seek such documents. The categories of documents sought are not relevant to the issues raised by the Motion. The request appears to explicitly

Case: 17-10828    Doc# 194-4    Filed: 03/22/18    Entered: 03/22/18 18:20:37    Page 19 of 23

1  call for privileged communications/attorney work product and as a result no such documents will be

2  produced.

3  **REQUEST FOR PRODUCTION NO. 33:**

4      Any and all documents, including notes, memoranda, text messages, and electronic messages

5  and COMMUNICATIONS of any kind, between CINDY DAY-WILSON and BRIAN ISSA PER-

6  TAINING TO any one or more of the NUISANCE PROPERTIES from and after appointment of the

7  RECEIVER.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

9      Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in

10  scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as

11  "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that

12  it may impermissibly seek attorney client privileged communication or attorney work product and

13  responding party interprets the request so as not to seek such documents. The categories of docu-

14  ments sought are not relevant to the issues raised by the Motion. The request appears to explicitly

15  call for privileged communications/attorney work product and as a result no such documents will be

16  produced.

17  **REQUEST FOR PRODUCTION NO. 34:**

18      Any and all documents, including notes, memoranda, text messages, and electronic messages

19  and COMMUNICATIONS of any kind, between any employee of the CITY Building Department

20  and CINDY DAY-WILSON PERTAINING TO any one or more of the NUISANCE PROPERTIES

21  from and after appointment of the RECEIVER.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

23      Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in

24  scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as

25  "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that

26  it may impermissibly seek attorney client privileged communication or attorney work product and

27  responding party interprets the request so as not to seek such documents. The categories of docu-

28  ments sought are not relevant to the issues raised by the Motion. The request appears to explicitly

-21-

1  call for privileged communications/attorney work product and as a result no such documents will be

2  produced.

3  **REQUEST FOR PRODUCTION NO. 35:**

4  Any and all documents, including notes, memoranda, text messages, and electronic messages

5  and COMMUNICATIONS of any kind, between BRIAN GERVING and CINDY DAY-WILSON

6  PERTAINING TO any one or more of the NUISANCE PROPERTIES from and after appointment

7  of the RECEIVER.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

9  Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in

10  scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as

11  "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that

12  it may impermissibly seek attorney client privileged communication or attorney work product and

13  responding party interprets the request so as not to seek such documents. The categories of docu-

14  ments sought are not relevant to the issues raised by the Motion. The request appears to explicitly

15  call for privileged communications/attorney work product and as a result no such documents will be

16  produced.

17  **REQUEST FOR PRODUCTION NO. 36:**

18  Any and all documents, including notes, memoranda, text messages, and electronic messages

19  and COMMUNICATIONS of any kind, between MATTHEW MORGAN and CINDY DAY-WIL-

20  SON PERTAINING TO any one or more of the NUISANCE PROPERTIES from and after appoint-

21  ment of the RECEIVER.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

23  Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in

24  scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as

25  "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that

26  it may impermissibly seek attorney client privileged communication or attorney work product and

27  responding party interprets the request so as not to seek such documents. The categories of docu-

28  ments sought are not relevant to the issues raised by the Motion. The request appears to explicitly

-22-

call for privileged communications/attorney work product and as a result no such documents will be produced.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all documents, including notes, memoranda, text messages, and electronic messages and COMMUNICATIONS of any kind, between CINDY DAY-WILSON and the RECEIVER PERTAINING TO any one or more of the NUISANCE PROPERTIES from and after appointment of the RECEIVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection. The request is overbroad, burdensome, and oppressive. It is unreasonable in scope. It contains an unreasonable time period. Furthermore, it is vague and ambiguous in so far as "DOCUMENTS" is a defined term but the request seeks "documents". The request is so broad that it may impermissibly seek attorney client privileged communication or attorney work product and responding party interprets the request so as not to seek such documents. The categories of documents sought are not relevant to the issues raised by the Motion. The request appears to explicitly call for privileged communications/attorney work product and as a result no such documents will be produced.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all documents, pleadings, declarations, affidavits, exhibits, photographs PERTAINING TO the CITY attempts to obtain and obtaining inspection warrants PERTAINING TO the NUISANCE PROPERTIES.

///
///
///
///
///
///
///
///

-23-

**PROOF OF SERVICE**

1

2      I am over the age of eighteen years of age, not a party to this action, and

3  employed in the City and County of San Francisco at the law offices of Fox Rothschild

4  LLP, 345 California Street, Suite 2200, San Francisco, California 94104.

5      On March 19, 2018, I served City of Eureka's Responses to Debtors' Re-

6  quest for Production, Set One by placing a true and correct copy in a sealed envelope,

7  with postage prepaid, to be deposited with the United States Postal Service on this day

8  following ordinary business practices addressed to opposing counsel at the office address

9  as last given, as follows:

10      David N. Chandler, Sr., Esq.
        David N. Chandler, Jr., Esq.
11      David N. Chandler, p.c.
        1747 Fourth Street
12      Santa Rosa, California 95404
        Attorneys for Debtors Floyd E. Squires III
13      and Betty J. Squires

14      Jared A. Day, Esq.
        Office of the United States Trustee
15      450 Golden Gate Avenue, Room 5-0153
        San Francisco, California 94102
16

        Cyndy Day-Wilson
17      City Attorney, Eureka
        531 K Street
18      Eureka, CA 95551

19

20      I declare under penalty of perjury under the laws of the State of California that the

21  foregoing is true and correct and that this declaration was executed on March 19, 2018 at

22  San Francisco, California.

23

24                                          _____

25                                          Sarah C. Willis

26

27

28