MARK S. ADAMS, SB#68300
ANDREW F. ADAMS, SB#275109
California Receivership Group
2716 Ocean Park Boulevard, Suite 3010
Santa Monica, CA 90405
Tel.: (310) 471-8181
Fax: (310) 471-8180
madams@calreceivers.com
Court-Appointed Receiver

**IN THE UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| IN RE:<br><br>FLOYD E. SQUIRES, III and<br>BETTY J. SQUIRES,<br><br>               Debtors. | Case No: 17-10828 WJL<br><br>Chapter 11<br><br>**MARK S. ADAMS AND CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**<br><br><u>Hearing:</u><br>Date: August 1, 2018<br>Time: 10:30 a.m.<br>Place: Courtroom 220<br>       1300 Clay Street<br>       Oakland, CA 94612<br><br>Hon. William J. Lafferty |

///

///

///

i

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

**TITLE**                                                            **PAGE**

I.      INTRODUCTION……………………….……………...   1

II.     DEBTORS' MOTION FAILS THE SUMMARY

        JUDGMENT STANDARD………………………………..   3

III.    CRG'S FEES MUST BE PAID, WHETHER INCURRED

        PRE OR POST-PETITION…………………………….…   6

        A.      CRG'S PRE-PETITION FEES AND COSTS ARE

                RECOVERABLE UNDER CALIFORNIA LAW

                AND CONTRACT…………………………………...   6

        B.      CRG'S FEES AND COSTS WERE FAIRLY

                CONTEMPLATED BY DEBTORS AT THE TIME

                OF THE FILING OF THEIR PETITION……………   9

        C.      DEBTORS' CALIFORNIA RULE OF COURT

                3.1180 ARGUMENT IS MISPLACED ……………   11

        D.      DEBTORS' SHIFTING APPROACH……………...   12

        E.      CRG'S ATTORNEY FEES AT THE VERY LEAST

                ARE UNSECURED DEBT…………………………   14

IV.     CONCLUSION…………………………………………   16

ii

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION
FOR SUMMARY JUDGMENT**

**TABLE OF AUTHORITIES**

**CASES**

**TITLE**                                                                                     **PAGE**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)…………...  4

Andrade v. Andrade (1932) 216 Cal. 108, 110-11……………………...  7

Baldwin v. Baldwin (1947) 82 Cal. App. 2d 851, 854, 856…………….  7

Far Out Prods., Inc. V. Oskar, 247 F.3d 986, 992 (9th Cir. 1997)……..  4

In re Castellino Villas, A. K. F. LLC (9th Cir. 2016) 836 F.3d 1028,
1034, 1035……………………………………………………………...  9, 10

In re Faramarz Bijan Khounani (B.A.P. 9th Cir., Feb. 2, 2017, No.
8:15-AP-01483-TA) 2017 WL 460968……………………………….....  4

In re Flight Transp. Corp. Securities Litigation (8th Cir. 1989) 874
F.2d 576, 583…………………………………………………………....  10

In re Fobian (9th Cir. 1991) 951 F.2d 1149, 1153……………………..  9, 13

In re Jensen (9th Cir. 1993) 995 F.2d 925, 931………………………...  13

In re Quinones (Bankr. N.D. Cal. 2015) 537 B.R. 942, 947…………...  4

In re Rubin Family Irrevocable Stock Trust (Bankr. E.D.N.Y. 2014)
516 B.R. 221, 225, 226, 228, 229……………………………………….  14, 15

In re SNTL Corp. (9th Cir. 2009) 571 F.3d 826, 839–845……………...  9, 10

Kan v. Tsang, 90 Cal.App.2d 538……………………………………...  7

Kermit Const. Corp. v. Banco Credito Y Ahorro Ponceno (1st Cir.
1976) 547 F.2d 1, 3……………………………………………………...  7

People v. Riverside University (1973) 35 Cal.App.3d 572, 582, 587….  7, 11

Macmorris Sales Corp. v. Kozak (1967) 249 Cal.App.2d 998, 1005…..  7

iii

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION
FOR SUMMARY JUDGMENT**

Maggiora v. Palo Alto Inn, Inc. (1967) 249 Cal.App.2d 706, 713……..   11

New Alaska Development Corp. v. Guetschow (9th Cir. 1989) 869

F.2d 1298, 1303…………………………………………………...   7

Ogle v. Fidelity & Deposit Co. of Maryland (2d Cir. 2009) 586 F.3d

143, 146…………………………………………………………...   10

Rochat v. Gee (1902) 137 Cal. 497, 500………………………………   11

S.Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir.

2003)……………………………………………………………   4

Squires, et al. v. Mark Adams, et al., Case# DR110803………………   11, 12

Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec.

Co. (2007) 549 U.S. 443, 454……………………………………   9, 13, 15

## STATUTES

**TITLE**                                                    **PAGE**

11 U.S.C. §101……………………………………………………   2

California Rules of Court Rule 3.1180…..................................   11, 12

Collier on Bankruptcy § 553.03[1][i] (15th ed. Updated 2007)………   10

Federal Rules of Bankruptcy Procedure, Rule 7056…………………..   3

Federal Rules of Civil Procedure, Rule 56…………………………   3, 4

iv

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION
FOR SUMMARY JUDGMENT**

**OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

Below is Creditor Mark S. Adams and California Receivership Group and assignees (collectively "CRG") Opposition to Debtors' June 26, 2018 Motion for Summary Judgment, Doc# 311 to Doc# 315 ("Motion" or "MSJ"). This Opposition lays out the three categories of CRG fees, costs, and advances, defined by their timing and the law requiring their payment. It then briefs the state law requiring the payment of all three categories of fees, and then federal law covering the most recent fees.

## I.  INTRODUCTION

The Court cannot grant summary judgment on CRG's Claim No. 57 ("Claim") because the Motion is woefully short of the summary judgment standard and continues to willfully ignore the already-briefed state and federal law that calls for the entirety of CRG's Claim to be paid. It is unclear why the MSJ was filed in the first place. Debtors could have instead simply sought the resolution of the Claim itself, which would have been more efficient. Like the letter dated June 26, 2018 that Debtors' Counsel sent to CRG's Counsel threatening to file a Motion for Sanctions against CRG, it appears that the MSJ was filed in an attempt to harass and push CRG to abandon its Claim without resolution in either of the courts overseeing this matter. This Court cannot grant the MSJ because it is woefully short on legal authority to do so,[1] but it should also take note that there is no way to explain why estate resources were spent in even filing the MSJ in the first place.

By way of brief summary, CRG's Claim consists of three separate categories.  For clarity's sake, the three types of CRG and its counsel's fees, costs and advances are broken out below:

---

[1] The MSJ does not cite any federal case law.

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

- **Secured amount** – Fees, costs and advances incurred from the initial Appointment Order on March 10, 2011 through to July 31, 2016, which was just prior to when CRG filed its August 10, 2016 Motion for fees and costs in state court. These are encompassed in the February 21, 2017 interim fee Order and equate to the secured portion of CRG's Claim. They were secured to the real property through two certificates and two deeds of trust.
- **Unsecured pre-Petition amount** – Fees, costs and advances that were not included in CRG's August 10, 2016 Motion that were amassed from August 1, 2016 through to the filing of this Petition on November 8, 2017. These were fees spent collecting the previously-incurred fees and costs in the state court matter alone. These are of the exact same nature as those fees addressed in the previous interim fee motion heard and approved in part in state court.
- **Unsecured post-Petition amount** – The fees, costs and advances from November 8, 2017 to present. These are the post-Petition fees which make up the unsecured portion of CRG's Claim.

These three categories of fees, costs and advances are all entitled to different deference and payment. The first category of fees is not disputed, and all parties including the Debtor[2] are now agreeing to their payment out of the first sale. The second are fees that simply had not been liquidated or added to the Certificate prior to the Petition, so there is no reason to treat them markedly different from the first category. The post-Petition fees are of a different character because of this Court's oversight. But bankruptcy law requires those to be paid, most importantly because of the approval and legal underpinnings of the first two categories.

Despite the confusion, the fees can be reasonably categorized and sorted. CRG's various claims fall within 11 U.S.C. §101(5)(A), and CRG is a creditor under 11 U.S.C. § 101(10)(A). CRG has a right to payment of its fees incurred both in its duties as a state-court appointed receiver, and also in its future work to collect those fees.[3] The "cleanest" portion of the Claim is settled in the form of the secured, priority Certificate. Yet, concurrently, the fees and costs

---

[2] While the Certificate portion of the Claim is not now contested, it was as recently as the March 5, 2018 Declaration of Floyd Squires in Support of Motion for Order Authorizing Use of Cash Collateral, Doc# 144.

[3] This is the detailed status of California law as summarized in the August 10, 2016 Motion for Interim Fee Order, attached as Exhibit 11 to CRG's May 25, 2018 Response to Debtors' Claim Objection. It and some of the governing case law is referenced also in footnote 6.

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

incurred in collecting on that secured portion, encompassing the February 21, 2017 Judgment as well as the Receiver's Certificate, are (necessarily) not yet fixed, or liquidated.

Previously, this Court was to resolve this issue by settling CRG's fees and costs as part of its Claim, however the filing of Debtors' MSJ has changed the course of this proceeding and it now appears that CRG's claim will have to be sent back to state court to be liquidated and, at least partially, fixed. Since the filing of the Petition, Debtors intended to oppose CRG's Claim, and in April of 2018, Debtors made it clear that they wished to challenge and have this Court evaluate the CRG Claim in the adversarial process. CRG agreed to this, and subjected itself to discovery on an expedited timeline just to try and get to a resolution. Now, with this MSJ, resolution of the Claim is no closer than it was in April of 2018, or November of 2017. This Court might consider mediation, or at the very least should set the Claim and Objection for review, because that will ease future real property sales, but also will halt escalating litigation costs that serve no purpose.

For the foregoing reasons, this Court must deny Debtors' MSJ and promptly set CRG's Claim for direct review at an evidentiary hearing or mediation.


## II. DEBTORS' MOTION FAILS THE SUMMARY JUDGMENT STANDARD

The standard for this Court reviewing a motion for summary judgment is in FRCP 56 and FRBP 7056. Inexplicably, neither of those sections are mentioned at all in Debtors' Motion. And just like there is no citation to the rules governing summary judgment, the legal application of those rules is unexplained. The Motion makes the conclusory statement that CRG's claim No. 57 "is not allowable as a matter of law and should be disallowed in its entirety." Yet Debtors have not even attempted to find case law to justify their argument and do not even cite to the rule that is the sole basis of their Motion. In fact, their Motion does not even cite *any* federal case law.

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

In order to prevail, a motion for summary judgment has to demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56. "A fact is material only if it 'might affect the outcome' of the case." In re Quinones (Bankr. N.D. Cal. 2015) 537 B.R. 942, 947 citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A dispute is genuine if there is sufficient evidence for a reasonable fact finder to hold in favor of the non-moving party, and a fact is material if it might affect the outcome of the case." In re Faramarz Bijan Khounani (B.A.P. 9th Cir., Feb. 2, 2017, No. 8:15-AP-01483-TA) 2017 WL 460968, at *3 citing Far Out Prods., Inc. V. Oskar, 247 F.3d 986, 992 (9th Cir. 1997). Debtors then carry the burden of showing that "no reasonable trier of fact" could make any finding other than that there are no triable issues of fact in the Claim and that those settled issues require finding that the Claim is deficient. Id. citing S.Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003). That high standard is set for the Debtors' Motion, and as argued below, it fails to meet it.

Summary judgment is wholly inappropriate in this case because there is clearly a "genuine dispute" as to "material facts," and in no way are the Debtors entitled to "judgment as a matter of law." Some of the material facts in question here that may affect the outcome of this present matter are CRG's billings and invoices, which Debtors contest.[4] As acknowledged in the Debtors' Motion and explained more fully below, CRG has provided extensive billing and invoice statements to substantiate the fees and costs that make up CRG's Claim. CRG's detailed billing and invoice statements are more than sufficient evidence for a reasonable fact finder to hold in favor of CRG, but Debtors make various objections to those billing and invoice statements, thereby giving rise to a "genuine dispute." Debtors object to CRG's billing and

---

[4] If, for example, this Court wished to approve the fees in the same percentage that Judge Reinholtsen did in February 2017, then this Court would have to use the invoices and explanations in the May 25, 2018 Response to the Claim Objection to get that number. There is no explanation offered as to why this is not a dispute of fact, particularly Section 4, on page 8 that is nothing but objections to the fees billed to this case.

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

Case: 17-10828    Doc# 333    Filed: 07/18/18    Entered: 07/18/18 17:43:08    Page 8 of 22

invoice statements and fail to provide any relevant laws that actually support their arguments, yet they inexplicably leap to concluding that summary judgment should be granted in their favor. They ask for summary judgment based entirely on their factual challenge to the fee records. Debtors clearly dispute the material facts that form the basis of CRG's Claim, and they are certainly not entitled to judgment as a matter of any law.

Instead of showing how their Motion meets the standard for summary judgment, Debtors instead make numerous irrelevant and/or misleading arguments that actually contradict their own position, as explained more fully in the Section below. In their Motion, Debtors acknowledge that they do not contest CRG's secured debt, which is based on the state court's February 21, 2017 Order for $158,107.36, and they only contest the unsecured debt for fees and costs incurred subsequent to those granted in the state court's Order. This state court Order not only granted the Receiver's fees in the state court action through July 31, 2016, but it also awarded the fees and costs incurred in defending and trying to collect on the awarded amount. However, the first three of Debtors' four main arguments – that the receivership's deed of trust does not provide for receiver's attorney fees, that the Receiver's Certificates do not provide for receiver's attorney fees, and that the American Rule for attorney's fees also does not provide for receiver's attorney fees – confusingly seem to oppose the awarding of attorney's fees, which has already been settled by the state court's Order. That Order only awarded the fees and costs incurred through July 31, 2016, but they clearly provide for the receiver's attorney fees up to that date, which Debtors now contest. The legal basis for this secured debt is the same legal basis for the unsecured debt in the Receiver's Claim, and if Debtors acknowledge the secured debt based on the state court's Order (which they must), then logically they must also acknowledge the legal basis for the unsecured debt in the Receiver's Claim.

The other categories of CRG's Claim require more than a cursory glance to confirm they have to be paid, and they are briefed below. Debtors' failure to cite to the relevant summary

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

judgment statute as well as their failure to even attempt to apply case law to the Claim, should tell this Court all that it needs to know about the MSJ.

### III.  CRG'S FEES MUST BE PAID, WHETHER INCURRED PRE OR POST-PETITION

As has been noted, CRG and Mark Adams's Claim is somewhat complex and uncommon for a bankruptcy petition. The Claim actually consists of three separate categories of fees and costs that, while related in their legal basis, must be analyzed separately. That analysis is below, made with reference to the May 25, 2018 Response to Debtor's Claim Objection (Doc# 286), and by necessity to the extensive discovery responses provided to Debtor on June 8, 2018.

### A.  CRG'S PRE-PETITION FEES AND COSTS ARE RECOVERABLE UNDER CALIFORNIA LAW AND CONTRACT

The fees and costs included in the February 21, 2017 Interim Fee Order are settled, and there is no dispute as to their payment from the sale proceeds of the Examiner's first sale of the Debtors' property. The state court's February 21, 2017 Interim Fee Order provides for this collection from Debtors, and the Debtors do not contest this. Thus, as far as the legal questions raised by the Claim (at least those in the Certificate) are settled, they are settled as to ensuring payment to CRG. The Motion refers to this as "An Exception to the American Rule," but that assertion is overblown and needlessly complex. The state court found that CRG's fees and costs are to be paid under California law –and this was not Judge Reinholtsen announcing a deviation from the American Rule– recognizing that California law requires that a receiver's defense and collection fees and costs be recovered. In this way, all CRG fees through July 31, 2016 are settled and have to be paid through the Certificate with interest.

That same standard should apply to the fees and costs incurred after that Motion for Interim Fee Order was filed on August 10, 2016 through to the filing of this Petition on

November 8, 2017. Those fees are of the same exact character as those approved already by Judge Reinholtsen – they just had not yet been fixed and added to the Certificate.

The clear authority for the first two categories (pre-Petition) of fees is analogous to how an agent of the court in a bankruptcy context, such as an Examiner or a Trustee, would be compensated for their work. As when a court agent is appointed in state court to do a job, the appointing court ensures that the agent is paid for that work.[5] A receiver, like an examiner or a trustee, can be a "lightning rod for harassing litigation" and so protections and assurances that the legal costs of their defense are covered is of the utmost importance. Kermit Const. Corp. v. Banco Credito Y Ahorro Ponceno (1st Cir. 1976) 547 F.2d 1, 3. That is exactly what happened in the state court, as Debtor filed a meritless, harassing suit, took it to trial and of course lost. CRG, like the federal receiver or examiner has to recover those legal fees. Macmorris Sales Corp. v. Kozak (1967) 249 Cal.App.2d 998, 1005.

This Court need not look beyond the two interim fee awards already issued by state court Judge Dale A. Reinholtsen, on January 9, 2014 and February 21, 2017, for a clear statement on that authority. California law is absolutely clear that an appointed receiver, and the counsel he employs to defend him, is entitled to their fees and costs.[6] As noted there, and repeated here, the post July 31, 2016 fees through to the November 8, 2017 date of filing of this Petition are of the same exact nature as those already approved –so what is the supposed reason that those fees are not ordered to be paid by the state court? Even acknowledging that this November 8, 2017 Petition changes the nature of CRG's collection efforts and its incurring of fees, the pre-Petition

---

[5] See New Alaska Development Corp. v. Guetschow (9th Cir. 1989) 869 F.2d 1298, 1303 noting that "absolute derivative judicial immunity is appropriate" for state court receivers.

[6] This is the briefing in CRG's May 25, 2018 Response to Debtors' Claim Objection. It is also highlighted in the case law (including MacMorris Sales Corp., People v. Riverside University, Kan v. Tsang, Andrade, Baldwin, etc.), which was ironically cited on page 6 of Debtors' MSJ. Those cases are clear that a receiver's fees and cost recovery is left to the judge that appointed them. Moreover, Debtors' argument that the *interim* fee order that specifically approved defense fees and costs should have covered all future defense and collection fees and costs is absurd on its face.

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

fees are not changed. Furthermore, the MSJ does not argue that there is a difference, or one that entitles the Debtors to summary judgment.

The Motion turns a purposefully blind eye to the Interim Fee Order, just as it does to CRG's May 25, 2018 Response (Doc# 286). [7] The Response detailed the law and the facts supporting CRG's Claim, and the most relevant articles of factual support are the fee records and invoices that CRG included as exhibits. If a party is to file a motion for summary judgment on a claim, then it would have to be assumed that at least some of the agreed-upon facts that supposedly exist would be in the response to the claim objection. Instead, the Motion reads as if CRG's Response (and the 600+ pages of exhibits and time records included in it) does not exist. Debtors' attempt to ignore the already-briefed Response, and the arguments made in state court, is executed in bad faith.

Debtors' MSJ confuses these issues, spending the five pages of section 1 on red herrings. First, Debtors argue that participation in this matter prior to this contested proceeding is not recoverable, ignoring the fact that Debtors repeatedly challenged and attempted to negate the existence of the secured debt in the Receiver's Certificate. [8] Then directing their focus to the Exhibits CRG included in its May 25, 2018 Response to Debtors' Claim Objection, Debtors focus on Exhibit 14 (which was five of the 16 months of fees at issue) and assert that pre-Petition defense fees are not recoverable, without explaining why those fees are any different than those that Judge Reinholtsen twice approved in 2014 and 2017. The same applies to their objection to Exhibit 15 (which is the other 11 months of fees at issue post-state court August

---

[7] A true and correct copy of that August 10, 2016 Motion for Interim Fee Order is included as Exhibit 11 to CRG's May 25, 2018 Response, Doc# 286-11.

[8] Some of Debtors' attacks and attempts to dismiss CRG's Claim were detailed in CRG's May 25, 2018 Response to Debtors' Claim Objection on pages 4-6. The Debtors repeatedly attempt to cast doubt on the "purported" Certificate and judgment, finally climaxing with outright lies that "At no time did the Court authorize Mr. Adams or the California Receivership Group to encumber the properties." Floyd Squires 3/5/2018 Declaration [Doc# 144], para. 5, l. 19-20; Floyd Squires November 30, 2017 Declaration [Doc# 22], para. 5, l. 4-5. This is of course disproved by the existence of the 2014 and 2017 orders signed by Judge Reinholtsen, which direct just that. Debtors' impulse to make such a provably false claim about the text of a court order is baffling.

CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION
FOR SUMMARY JUDGMENT

Case: 17-10828    Doc# 333    Filed: 07/18/18    Entered: 07/18/18 17:43:08    Page 12 of
22

2016 interim fee motion, and pre-Petition): what sets those apart from the exact fees approved twice by Judge Reinholtsen?

Nowhere in the MSJ is there any justification offered as to why any of the pre-Petition CRG fees and costs (including those fixed and secured in the Certificate on February 21, 2017) should not be paid, or why that legal matter is not already settled in CRG's favor. A state court receiver is entitled to (at least a portion) of his receivership and legal defense costs. Judge Reinholtsen twice ruled that in this specific case, and the issue is *res judicata*. Those exact same fees, spent only to collect on the Judgment that Debtors refused to pay in 2016 through 2017, coupled with CRG's post-Petition bankruptcy fees, were fairly considered when the Debtor filed the Petition. Those fees are recoverable, and while it would be more efficient to do so in this matter, it may be a better fit to liquidate them in state court.

**B.    CRG'S FEES AND COSTS WERE FAIRLY CONTEMPLATED BY DEBTORS AT THE TIME OF THE FILING OF THEIR PETITION**

The entirety of the CRG claim, both the secured and unsecured portions, the contingent, and the fixed fees and costs should be paid. The pre-Petition, state court fees and costs are addressed in the above section. However, the post-Petition fees and costs have to be paid as well.

The 9th Circuit uses the "fair contemplation" test to determine whether fees and costs incurred post-petition are to be discharged in the bankruptcy proceeding. If the creditor could fairly contemplate those fees at the outset, then they are to be included in the bankruptcy estate. "When parties engage in prepetition litigation that could lead to an award of attorneys' fees, they may fairly contemplate that the prevailing party will be awarded those fees." In re Castellino Villas, A. K. F. LLC (9th Cir. 2016) 836 F.3d 1028, 1035. This followed some of the questions raised after Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co. (2007) 549 U.S. 443 overruled In re Fobian (9th Cir. 1991) 951 F.2d 1149, 1153. This was addressed in In re

9

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

SNTL Corp. (9th Cir. 2009) 571 F.3d 826, 839–845, noting that even after Travelers, courts did not have to reject all post-petition legal fees and costs.

> 'In general, if the creditor incurs the attorneys' fees postpetition in connection with exercising or protecting a prepetition claim that included a right to recover attorneys' fees, the fees will be prepetition in nature, constituting a contingent prepetition obligation that became fixed postpetition when the fees were incurred.' In re SNTL Corp. (9th Cir. 2009) 571 F.3d 826, 844 citing 5 Collier on Bankruptcy § 553.03[1][i] (15th ed. Updated 2007).[9]

Here, at the time of the Petition, of course it is reasonable for Debtors to expect that CRG's fees and costs are to be incurred for pre-petition activity, because the two interim fee orders were issued approving just those types of claims. At the date of the Petition, CRG "had a right to payment but the amount due was unknown." In re Flight Transp. Corp. Securities Litigation (8th Cir. 1989) 874 F.2d 576, 583. "Such a contingent claim would then include attorneys' fees incurred during and after the bankruptcy case." In re Castellino Villas, A. K. F. LLC (9th Cir. 2016) 836 F.3d 1028, 1034. "Said otherwise, when the creditor had a prepetition contingent claim for attorneys' fees, even attorneys' fees incurred after that date may be discharged in bankruptcy."

In this way, this Court need not even interpret and apply California law calling for payment of a receiver's legal fees and costs because federal law requires that they be paid as well. Debtors need not have contemplated CRG's right to attorney fees and costs that hard because the state court had already found twice that attorney fees were recoverable from the estate. Plus, the nature of the approved amount –for the defense and collection of the receiver's fees– is the exact same nature as the expenditure of the unliquidated amounts now. CRG got an order on all pre-July 31, 2016 fees, costs and advances, but there is no reason why those incurred after August 1, would be any different in character. The state court awarded $158,107.36 of the

---

[9] The Second Circuit joined the Ninth Circuit in this analysis in Ogle v. Fidelity & Deposit Co. of Maryland (2d Cir. 2009) 586 F.3d 143, 146.

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

1    $223,715.39 requested, and was clear that the defense fees and costs were recoverable. Debtors

2    have, and had, every expectation that they would be required to pay for CRG's fees and costs as

3    well as those required to recover them. Indeed, it is fair to expect that Debtors contemplated

4    these fees at the time of filing this Petition.

5    **C.    DEBTORS' CALIFORNIA RULE OF COURT 3.1180 ARGUMENT IS**

6    **MISPLACED**

7        Of the arguments put forward in Debtors' Motion, the claim that CRG cannot recover its

8    own counsel's fees because it was not granted leave to hire an attorney as Rule 3.1180 requires,

9    is the most absurd. Judge Reinholtsen approved $158,107.36 on February 21, 2017, specifically

10   approving Mark Adams', Andrew Adams', CRG and its staff's fees, as well as its outside trial

11   counsel's fees. If Debtor believes that CRG was under some obligation to get specific leave to

12   hire counsel, then how were those fees approved in part on February 21, 2017?

13       Setting aside that the argument in Debtors' Motion requires this Court to believe that the

14   state court had not already approved the retention and payment of CRG's counsel's fees as

15   portions of the Interim Fee Order, retroactive approval of a receiver's counsel is absolutely

16   appropriate per People v. Riverside University (1973) 35 Cal.App.3d 572, 582 and Maggiora v.

17   Palo Alto Inn, Inc. (1967) 249 Cal.App.2d 706, 713 citing Rochat v. Gee (1902) 137 Cal. 497,

18   500. Those cases expressly authorize the retroactive approval of receiver's counsel. Moreover,

19   Judge Reinholtsen specifically put off ruling on those fees[10] until the separate tort suit had been

20   resolved, making it clear that the recovery of those fees would rely on whether the tort suit

21   succeeded. It did not. Debtor's ridiculous claims were rejected out of hand, and they were

22   ordered to pay CRG's associated fees and costs.

---

[10] Paragraph 2 of the January 9, 2014 first interim fee Order states: "the request in the Third Report for fees and costs expended in defense of *Squires v. Adams*, case number DR110803, is denied without prejudice." CRG requested pre approval to hire counsel, but that was denied pending the lawsuit. After the jury found for CRG, Judge Reinholtsen ordered the counsel's fees paid.

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

The Rule 3.1180 argument that CRG could not retain counsel is the cousin of the equally absurd argument that CRG staff cannot bill for the work the Court appointed it to complete. As a reminder, the tort lawsuit *Squires v. Adams*, DR110803, sued Mark Adams,[11] Andrew Adams and California Receivership Group as individuals. Yet now Debtors, in section 4 of the MSJ, claim that only Mark Adams can bill for time as an unsecured claim. The claim that Debtors can sue the state court's agent and his employees, and not pay the costs of those legal fees or the employees' time has already been rejected. Even the Debtors have to admit that it is a bold claim to sue a Receiver's employee, lose the lawsuit, be ordered to pay those legal fees, and then go on to contend to this Court that they should not have to pay those Receiver's employee's fees.

### D.    DEBTORS' SHIFTING APPROACH

The question of how to fix and settle CRG's fees in this proceeding was not one with a clear or definite immediate answer. Until April 2, 2018 it appeared that a Chapter 11 Trustee would be appointed who would be tasked with reviewing and evaluating CRG's Claim. Then after the negotiated agreement, the Examiner was appointed, and the Debtor renewed discovery requests that had long been abandoned.

Now, eight months after the appointment, CRG's Claim is not any closer to resolution in this Court. Rather than proceeding as if it were a standard fee motion, which was CRG's offer to try to limit the cost, Debtors insisted on the standard process for reviewing the Claim – requiring renewed discovery, this MSJ, threatening CRG with a Motion for Sanctions, and whatever is likely to come next. In light of Debtors' actions and approach to the Claim and the litigation surrounding it, it is probably most efficient to first liquidate CRG's fees in state court. Thus, a motion for relief from the stay is likely CRG's next step. All of this extraneous litigation

---

[11] In *Squires v. Adams*, DR110803, both Mark and Andrew Adams were sued personally, not in their official capacity as a court appointed agent. This made it past the demurrer stage only because of lies offered by the plaintiffs regarding the Receivers purported conduct that went beyond the appointment. Plaintiffs allegations included accusing the Receiver of issuing threats and actual claims of assault. Those lies were found to be just that in the fact-finding trial, which is partially why the defense fees were ordered to be paid.

could have been prevented had the fee motion been settled back in May. While it is Debtors' right to request additional proceedings, Debtors cannot now complain of the extra fees and costs incurred in adhering to their requests.

CRG had to submit its own claim and had to do so in the admittedly odd way that the claim was phrased. A portion of CRG's fees and costs had already been reduced to a judgment in the form of two interim fee orders. However, the ongoing work CRG is doing to protect that judgment and to actually get compensated is still contingent and was unknown in their final amount claimed. Had CRG not submitted the claim, or done so without reference to the contingent/incomplete fees and costs, it would have found itself out of luck for failure to file the claim that it knew existed.

This exact situation happened in In re Jensen (9th Cir. 1993) 995 F.2d 925, 931, where state agencies had known of the potential liability and recovery based on environmental contamination, but having not filed a timely claim were not entitled to that payment. The state "had sufficient knowledge" of the potential liability before the petition, and so the later request for over $1 million in fees and fines was untimely. Ibid. Had CRG waited or not included the request for the accruing fees and costs, it would have put the recovery for the unliquidated claim at risk.

Now, Debtors wish to use the fact that the claim is unliquidated against CRG. This is improper, and either the matter has to be sent back to state court to be liquidated, or (as the arrangement was set four months previously[12]) this Court can choose to rule on the claim of its own accord. Had CRG not referenced the unliquidated fees that California law entitles it to, then the amount would not have been paid. Debtor cannot simultaneously require dozens of hours of

---

[12] State law governs the recoverability of the attorney's fees. In re Fobian (9th Cir. 1991) 951 F.2d 1149, 1153 abrogated by Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co. (2007) 549 U.S. 443. Fobian was abrogated on other grounds by the USSC, but not on the question of the basic recoverability of post-petition fees and costs based on a pre-petition obligation.

13

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

Case: 17-10828   Doc# 333   Filed: 07/18/18   Entered: 07/18/18 17:43:08   Page 17 of 22

wasteful and needless discovery requests and work from CRG to defend its cost recovery, while at the same time bemoaning that CRG is seeking to recuperate those same fees and costs.

Another option is to mediate the Claim and Objection, which has some potential. The City and the Debtors engaged in some form of mediation early on in this matter with Michael Cooper, and it may be that he could resolve this matter. Signs are not all positive on mediation to this point, as the Debtor spent the pre-Examiner period challenging the actual validity of the Receiver's Certificate and the state court judgment, only to recently acknowledge its legitimacy. Perhaps their approach has changed along with the reality of the estate's limits, and thus mediation may be useful.

### E. CRG'S ATTORNEY FEES AT THE VERY LEAST ARE UNSECURED DEBT

An MSJ and repeatedly propounded discovery requests are useless and wasteful to both sides, as fees accrue that may in some amount become unsecured debt, and then only partially paid. As CRG made clear above, the fees and costs incurred after the February 21, 2017 Judgment and prior to the November 8, 2017 Petition are indisputably recoverable. It may be that a mediation in this Court, or sending the Claim back to the state court, is necessary to liquidate the Claim, but the post-Petition fees and costs are at the very worst unsecured debt to be put in the pool.

CRG's fees and costs are to be paid, but even if the Court sees fit to ignore the California law calling for full payment, and instead applies the federal law, at the very least the CRG fees and costs are unsecured and to be thrown into the unsecured pool. A recent New York case, with very similar facts, guides the way for this. In <u>re Rubin Family Irrevocable Stock Trust</u> (Bankr. E.D.N.Y. 2014) 516 B.R. 221, a Utah $1.73 million judgment had been issued, attorney fees were incurred in collecting on that judgment in New York, and then the debtor filed a Chapter 11 Petition. The creditor had filed a claim for both the pre and post-petition fees and the debtor

Case: 17-10828   Doc# 333   Filed: 07/18/18   Entered: 07/18/18 17:43:08   Page 18 of 22

objected to the now $5.17 million judgment. Id. at 225. Debtor there (as is the case in this matter) ultimately agreed that the secured debt and interest were to be paid, but objected to the post-petition fees and costs. Id. at 225-26.

In Rubin, the state court judgment was *res judicata* and not part of the challenge, but the Court was clear in extending the post-petition coverage to attorney fees as authorized in Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co. (2007) 549 U.S. 443, to judgment enforcement fees. Id. at 228. The main difference between the Rubin case and this matter is that the collection by the creditor was based on the federal rulings and orders, not the state court order alone. Consequently in Rubin, those fees and costs were to be unsecured debt paid pro rata like the rest, but it was not to be secured. Id. at 229. In applying those similar facts, then even if the Court does not see fit to find that the state law is sufficient to require payment of the post-Petition CRG fees and costs, at the very least the bankruptcy code calls for paying the post-petition fees at the same rate as all other unsecured debt. Notwithstanding that the Rubin case is one in which the creditor was collecting on a final judgment, not an award of appointed receiver's fees and costs. Surely, if those post-petition fees are recoverable upon a judgment, they should be recoverable for fees and defense fees in acting as a state court-appointed agent.

Even if the Court was to ignore the Debtors' repeated attempts to challenge and negate the February 21, 2017 Judgment and Receiver's Certificate, and find that CRG's Claim did not need any involvement for work done in this proceeding to be paid, at the very least the attorney fees incurred by CRG since the November 8, 2017 Petition are to be paid along the same lines as all other unsecured debt. Ironically, the pool of funds available to pay unsecured debt has been drained by needless discovery on a fee claim (where CRG has the burden of proof anyway), and then to file hollow threats like this MSJ and the sanctions motion.

Debtors are wasting resources with this MSJ and a threatened sanctions motion, all to challenge CRG's legal fees. The exact same legal fees that CRG will have to seek recovery for in

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

that third category of post-Petition fees are those spent in responding to Debtors' wasteful filings. If Debtors' didn't want to liquidate the CRG claim in this Court, then Debtors never should have agreed to it in the first place. The current situation is not ideal, and has left the Court and the Debtor in the difficult position of having a secured debt on most of the estate real property. A debt that is on an un-liquidated and contingent claim, which, due to Debtors' extraneous litigation, is being pushed further and further away from the date of its resolution. Furthermore, it puts CRG in the awkward position of having a contingent claim that CRG has to spend additional time and money to defend, all while the estate's value plummets, and the Debtor burns through any equity that might exist. CRG's Claim should be evaluated and ruled upon, but not through a summary judgment. All parties would benefit from an expedited Claim review to settle this matter.

## IV. CONCLUSION

For the above reasons, this Court should deny the Debtors' Motion for Summary Judgment, and set CRG's claim for an evidentiary hearing, or for mediation.


Dated: July 18, 2018          /s/ Andrew Adams_____

                              Attorney at California Receivership Group

**CALIFORNIA RECEIVERSHIP GROUP'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Mark S. Adams and California Receivership Group's Opposition to Debtors' Motion for Summary Judgment** was served on July 18, 2018. Service was accomplished by the method and to the following as indicated:

VIA ELECTRONIC NOTICE

**COUNSEL FOR DEBTORS**
David N. Chandler
Law Offices of David N. Chandler
1747 4th St.
Santa Rosa, CA 95404
dchandler1747@yahoo.com

**UNITED STATES TRUSTEE**
Attn: Margaret H. McGee
450 Golden Gate Ave., 5th Fl., Ste #05-0153
San Francisco, CA 94102
USTPRegion17.SF.ECF@usdoj.gov
margaret.h.mcgee@usdoj.gov

**COUNSEL FOR U.S. TRUSTEE**
Jared A. Day
Office of the United States Trustee
300 Booth Street, Suite 3009
Reno, Nevada 89509
jared.a.day@usdoj.gov

**COUNSEL FOR NEW RESIDENTIAL MORTGAGE LOAN TRUST 2017-6**
Theron S. Covey, Esq.
ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Bankruptcy Department
6409 Congress Ave., Suite 100
Boca Raton, Florida 33487
tcovey@rasflaw.com

///
///
///
///

-1-
CERTIFICATE OF SERVICE

**COUNSEL FOR JPMORGAN CHASE BANK**
Gilbert R. Yabes
ALDRIDGE PITE, LLP
4375 Jutland Drive, suite 200
P.O. Box 17933
San Diego, California 92177-0933
ecfcanb@aldridgepite.com

**COUNSEL FOR BANK OF NEW YORK MELLON**
JaVonne M. Phillips, Esq.
Kelly M. Raftery
MCCARTHY & HOLTHUS, LLP
1770 Fourth Avenue
San Diego, California 92101
kraftery@mccarthyholthus.com

**COUNSEL FOR SYNCHRONY BANK**
Valerie Smith
PRA RECEIVABLES MANAGEMENT, LLC
P.O. Box 41021
Norfolk, Virginia 23541
claims@recoverycorp.com

**COUNSEL FOR CIM TRUST 2017-9**
Kelly M. Raftery, Esq.
McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101
Tel: (877) 369-6122
kraftery@mccarthyholthus.com

**CHAPTER 11 EXAMINER**
Janina M. Hoskins
Ca80@ecfcbis.com

**COUNSEL FOR CHAPTER 11 EXAMINER**
Michael A. Isaacs
michael.isaacs@dentons.com

**RESOLUTION ADVOCATE**
Michael D. Cooper
mcooper@wendel.com

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 18, 2018                    /s/ Leah Jaques
                                        LEAH JAQUES

-2-

**CERTIFICATE OF SERVICE**