```
David N. Chandler, Sr.   SBN 60780
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtors
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE No. 17-10828 WJL |
| FLOYD E. SQUIRES, III and<br>BETTY J. SQUIRES, | CHAPTER 11 |
|    Debtors.        / | REPLY TO OPPOSITION TO<br>MOTION FOR SANCTIONS<br>[Claim No. 57] |
| | Date:  March 27, 2019<br>Time:  10:30 a.m.<br>Place: 1300 Clay St., Rm. 220<br>       Oakland, CA |

FLOYD E. SQUIRES III and BETTY J. SQUIRES, Debtors herein, by and through counsel, reply to the Opposition of Mark Adams and California Receivership Group's Opposition to Motion for Sanctions as follows:

1. A MOTION FOR SANCTIONS IS NOT A TACTIC BUT A REMEDY. The Claimants were compelled by Order of this Court to produce the documents requested in Requests for Production Sets 3 and 4.

    a. Not relevant to the within Motion are Requests for Production Sets 5 and 6 which merely requested the electronic version of the documents together with the metadata relating to the requested documents. The ONLY reason the metadata was requested is that counsel for Claimant inferred in open Court in one of his *ex parte speaking motions* that he was changing his position as to the terms of assignment of the Receiver Certificates. To date, the Claimants contend that there are no documents to produce other than

the Assignment of the Deed of Trust. Dependent upon the documents produced, there may be no documents prepared by the Claimants containing metadata.

    b.    This Court entered its Order Compelling Production of all documents requested in Sets Nos. 3 and 4 without exception. Claimants seized the opportunity to interpose further objections to production.

    c.    Essentially, the Claimants did another document dump producing duplicates of what had been previously produced and not responsive to Sets Nos. 3 and 4. Documents produced were not produced as requested or maintained forcing review of duplicates to ascertain there were two pages responsive which were produced. None of the communications ordered to be produced were produced.

2.    DOCUMENTS REQUESTED ARE DIRECTLY RELEVANT TO THE OBJECTION TO THE CLAIM.

    a.    Claimants stated that they had no documents to produce pertaining to registration of the corporate entity, California Receivership Group, with the State Bar of California. That was not surprising as its corporate charter limits the corporation from engaging in the practice of law.

    b.    Claimants produced an Assignment of the Deed of Trust which secures Receivership Certificates Nos. 1 and 2. That assignment is represented as the assignment document assigning the Certificates. The assignment purports to assign all right, title and interest. Claimants also produced a reconveyance of the assigned Deed of Trust executed by the assignees.

    c.    A receiver certificate is a chose in action and is freely assignable by its owner.

d. One of the fundamental incidents of ownership is the right to transfer. Essex Ins. Co. v. Five Star Dye House, Inc. (2006) 38 Cal.4th 1252, 1259, 45 Cal.Rptr.3d 362, 137 P.3d 192.

e. Absent evidence of contrary intent, the assignment vests in the assignee the assigned contract or chose and all rights and remedies incidental thereto. National R. Co. v. Metropolitan T. Co. (1941) 17 Cal.2d 827, 832-833, 112 P.2d 598. The intention of the parties as manifested in the instrument is controlling. See, National R. Co. v. Metropolitan T. Co., supra, 832.

f. Debtors requested production of all documents pertaining to sale, hypothecation or assignment of the receiver certificates. Invoices produced clearly indicate emails and other communications with Gerald Feldman, a principle of G&G Capital LLC, one of the assignees as well as other individuals concerning the assignment. Following assignment, the Claimant's counsel became aggressive in an effort to have its attorney, Bryon Moldo, later appearing before this Court as counsel for Scott Pesch, nominee for Examiner, appointed receiver in aid of execution to execute on properties of the Squires. Scott Pesch, the City's nominee for Examiner, had prepared BPOs for CRG's assignee. Oddly, none of those obviously disqualifying connections were disclosed to the Court by Mr. Pesch, Mr. Moldo, the City or CRG, or counsel.

g. Claimant, CRG, which employs Andrew Adams as in house counsel is not licensed to provide legal services to the third party assignees of the Certificates. The corporate charter does not allow it to practice law. The fees claimed for collection of the certificates assigned to third parties are not recoverable absent more from the Claimant. Debtors are entitled to discover the facts

and review the documentation.

3. **CLAIM NO. 57 IS FILED UNDER SIGNATURE AFFIXED UNDER PENALTY OF PERJURY.** The Claim does not, in the Claim itself or the unsworn attachment, disclose the fact that CRG and Adams had assigned the claim to third parties and making the claim on behalf of such assignees. The Assignment of the Deed of Trust was recorded in April, 2017. Claim No. 57 was filed in March, 2018.

4. **CLAIMANTS FAILED TO PRODUCE A SINGLE COMMUNICATION REQUESTED** despite the Order Compelling Production.

    a. Requests Nos. 11 through 17 requested communication with the City of Eureka, agents and employees throughout both the brief term of Adams reign as receiver and thereafter.

    b. The requested communications were ordered to be produced but were not. The Order does not provide for another run at an objection, general or specific.

    c. The communications are relevant to the activities CRG and Adams were engaged in to deprive the Debtors of their property without due process of law. The audacity to invoice the Debtors for attorneys fees in connection with collection of the receiver certificates incurred by the assignees is beyond belief. Time records produced do not relate exclusively or primarily to efforts to collect the receiver certificates which did not even belong to CRG or Adams.

5. **CRG'S *SPEAKING MOTION FOR RELIEF FROM STAY IS NOT RELEVANT*.** CRG and Adams made their Motion for Relief from Stay August 20, 2018 and withdrew the motion October 3, 2018.

    a. The Order Compelling Production of documents Sets Nos. 3 and 4 is causing the Claimants some angst for good reason.

1 | The Motion is nothing more than a ploy to extricate themselves from
2 | the Order Compelling Production and avoid producing some potentially
3 | revealing documents.
4 |       b.   It is no coincidence that the City is similarly
5 | circumventing a similar Request for Production. Upon a fair
6 | production of the documents compelled to be produced, a stipulation
7 | for relief from stay might be appropriate. A Motion for Relief from
8 | Stay is not a proper means to circumvent an Order Compelling
9 | Production. The Motion for Relief requests relief to have any
10 | further fees secured by a Deed of Trust against the Squires
11 | properties.
12 |       c.   The Examiner in her zeal to *settle* failed to obtain
13 | a copy of the assignment of the receiver certificates which CRG now
14 | says does not exist. The Examiner knew the Deed of Trust had been
15 | assigned. Separation of the debt instrument from the security
16 | interest has consequences.
17 |    WHEREFORE, Debtors pray that their Motion for Sanctions be
18 | granted, that Claimants be required to produce all documents
19 | pertaining to assignment of the certificates, all communications
20 | with the City, for attorneys fees and costs and for such other and
21 | further relief as the Court deems just and proper.
22 | Dated:   3/20/19                      DAVID N. CHANDLER, p.c.

By: */s/ David N. Chandler*
DAVID N. CHANDLER,
Attorney for Debtors